**FIRST NORTHERN BANK; First Northern Mortgage Corporation**

v.

**RESOLUTION TRUST CORPORATION.**

**Civ. No. 90–14–S.**

United States District Court,
D. New Hampshire.

June 15, 1990.

Beth R. Fernald, Keene, N.H., for plaintiffs.

Irvin D. Gordon, Concord, N.H., for defendant.

**ORDER**

STAHL, District Judge.

This is an action commenced by plaintiff, First Northern Bank (FNB) seeking recovery of holdback payments from Imperial Savings Association (ISA). First Northern Bank initially filed suit in New Hampshire State Court alleging that ISA refused to release appropriate holdback amounts pursuant to certain agreements between FNB and ISA. On January 9, 1989, pursuant to 28 U.S.C. §§ 1332 and 1441, ISA removed the case to this Court. Subsequently, the complaint was amended to add First Northern Mortgage Corporation (FNMC) as a plaintiff.

On February 22, 1989, the Resolution Trust Corporation (RTC), was appointed conservator for ISA pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73, 103 Stat. 183 (Aug. 9, 1989). Acting in its capacity as conservator, the RTC filed an answer and counterclaim on behalf of ISA. In accordance with § 501($l$)(3) of FIRREA and 28 U.S.C. § 1404(a), on April 17, 1990, the RTC filed a motion with this Court seeking transfer of the case to the United States District Court for the Southern District of California. Pursuant to FIRREA § 501($l$)(3) and 28 U.S.C. § 1404(a)[1] the Court grants RTC's motion.

ment employers of less than twenty employees. *Id.* at 1202.

1. Through the signed agreement, the parties stipulated that California law was to govern and

voluntarily submitted themselves to California venue. Furthermore, since most of the witnesses are California residents, the Court finds jurisdiction most proper in California, not New

The facts of the case are that in February, 1989, plaintiffs FNB and FNMC, both New Hampshire corporations, executed a written agreement with defendant ISA, a California corporation. The contract which consisted of: the Commitment Purchase Price and Terms Letter (The Commitment); the Mortgage Loan and Mortgage Servicing Purchase Agreement (Purchase Agreement); and the Holdback and Release Agreement (Holdback Agreement), provided that ISA would purchase mortgage loans and servicing rights from FNB and FNMC. Each of these three documents incorporated the others either specifically or by reference.

*Discussion*

Section 501($l$) of FIRREA, Public Law 101–73, enacted August 9, 1989 provides in pertinent part:

POWER TO REMOVE; JURISDICTION.—

(1) IN GENERAL.—Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit or proceeding.

(3) REMOVAL AND REMAND.—The Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit or proceeding arise out of the actions of the Corporation with respect to an institution for which a conservator or receiver has been appointed, the United States district court for the district where the institution's principal place of business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date the Corporation is substituted as a party, or

(B) not later than 30 days after the date the suit is filed against the corporation, if such suit is filed after the date of enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

103 Stat. at 389–90.

Defendant contends that § 501($l$)(3) requires transfer to the United States District Court for the Southern District of California, the district in which ISA has its principal place of business. Where a case involves action taken by the RTC with regard to an institution under conservatorship, § 501($l$)(3) authorizes transfer from state court to the United States district court for the district where the institution's principal place of business is located. Section 501($l$)(3)(A) provides for a filing deadline of 90 days after the date the Corporation is substituted as a party. In the case at bar, the RTC filed an answer and counterclaim on behalf of ISA and requested transfer from this Court to the California court within the specified 90 day period.

Plaintiff argues that although § 501($l$)(3) authorizes mandatory removal from state court to federal district court, it does not provide for mandatory change of venue. Plaintiff further contends that FIRREA has no application to a change in venue and therefore, removal to California should have been done on January 9, 1990, at the time ISA removed the case to this Court.

The legislative history of FIRREA § 501($l$) does not address change of venue after removal to a United States District Court. *See* H.R.Rep. No. 54(I), 101st Cong., 1st Sess. 362, *reprinted in* 1989 U.S.CODE CONG. & ADMIN.NEWS 86, 158. However, brief mention of changes accomplished by FIRREA is helpful in interpreting the statute.

When FIRREA was signed into law, it replaced the Financial Institution and Supervisory Act of 1966 (FISA) and substituted the RTC for the Federal Savings and Loan Insurance Corporation (FSLIC). Under FISA, removal by the FSLIC was governed by 12 U.S.C. § 1730(k)(1). Subsection (k)(1)(B) gave federal district courts

Hampshire. Therefore, pursuant to 28 U.S.C. § 1404(a), the Court uses its broad discretion to

transfer this case.

jurisdiction over suits to which FSLIC was a party, and is thus analogous to FIRREA § 501($l$)(1). Subsection (k)(1)(C) granted FSLIC the power to remove any case pending in state court to the federal district court "for the district and division embracing the place where the [state suit] is pending ...". 12 U.S.C. § 1730(k)(1)(C).

So stated, FSLIC could remove actions only to the district court of the state in which the action had originally been brought. FIRREA § 501($l$)(3), by its very terms, enlarged the options available to the RTC, specifically by not limiting jurisdiction to the district court in the state where the original suit was brought and allowing RTC to remove the suit to "the district where [ISA's] principal place of business is located".

In light of the foregoing, § 501($l$)(3) should not be interpreted only to grant the RTC removal power when the action remains pending in state court. The RTC was appointed conservator for ISA less than two months after ISA had requested removal to this Court. Additionally, the RTC properly filed ISA's answer and counterclaim, requesting transfer within 90 days of its substitution as a party, as required by § 501($l$)(3)(A). The RTC should not be denied its statutory removal right simply because it was substituted as a party after removal of the case.

Accordingly, defendant's motion to transfer is hereby granted.

SO ORDERED.