**UNITED SAVINGS BANK, Plaintiff,**

v.

**Richard N. ROSE, et al., Defendants.**

**Civ. A. No. 90–2378.**

United States District Court,
District of Columbia.

Nov. 5, 1990.

Order of Transfer Nov. 20, 1990.

Nelson Deckelbaum, Washington, D.C., for plaintiff RTC.

M. Langhorne Keith, Jane Marum Roush, McLean, Va., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

This is one of the many common law and statutory actions removed to this Court in recent months from various state courts across the country pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Defendants move to remand the case to the state court where it was filed. The motion presents an issue litigated repeatedly by dozens of lawyers in this Court over the past six months. *See, e.g., Piekarski v.*

*Home Owners Savings Bank,* 743 F.Supp. 38 (D.D.C.1990); *Asbury v. Germania Bank,* 752 F.Supp. 503 (D.D.C.1990); *Kirby v. Mercury Savings and Loan Ass'n,* C.A. 755 F.Supp. 445 (D.D.C.1990).

The complaint was filed May 23, 1990, in the Circuit Court for Fairfax County, Virginia. Plaintiff United Savings Bank, a Virginia banking corporation, sued Richard N. Rose, a Virginia resident and general partner of a Virginia limited partnership, and three other partners who are Georgia residents for payment of a note under a guaranty agreement. The guaranty was made pursuant to a loan from United Savings Bank that the limited partnership used to acquire real estate in Virginia. Defendants filed counterclaims.

On July 31, 1990, the Office of Thrift Supervision appointed the federally-chartered Resolution Trust Corporation ("RTC") as receiver of the bank and as conservator of the assets of the bank's successor in interest. On September 27, 1990, RTC removed this action to this Court pursuant to FIRREA, 12 U.S.C. section 1441a($l$)(3), asserting that this Court has original jurisdiction pursuant to 12 U.S.C. section 1441a($l$)(1). Defendants claim that removal on this basis was not permitted by FIRREA.

Section 1441a($l$) of 12 U.S.C. states:

(1) Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the [RTC] is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit or proceeding.

(2) The [RTC] shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated February 7, 1989, among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board, and the Federal Deposit Insurance Corporation.

(3) The [RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit or proceeding arises out of the actions of the [RTC] with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

(A) not later than 90 days after the date [RTC] is substituted as a party, or

(B) not later than 30 days after the date suit is filed against [RTC], if such suit is filed after August 9, 1989.

■ Defendants make two arguments against removal. First, they argue that the phrase "any such action" in section 1441($l$)(3) refers only to actions designated immediately above in section 1441($l$)(2)— i.e. only those involving institutions subject to the referenced 1989 management agreement. It is not clear to defendants whether United Savings Bank is such an institution. Therefore, defendants argue, section 1441($l$)(3) did not permit removal of this action.

However, it appears from a fair reading of the statute as a whole that the phrase "any such action," despite the arrangement of paragraphs, refers to those actions described in section 1441a($l$)(1), i.e. *any* case where the RTC is a party, rather than the subset of such cases described in section 1441a($l$)(2). Defendants suggest no reason why Congress would have limited RTC's removal rights under FIRREA to those cases where RTC's predecessor in interest, FSLIC, was a party prior to FIRREA's enactment. Moreover, section 1441($l$)(3)(B) expressly contemplates removal by RTC of cases filed after the date FSLIC was replaced and therefore not covered by the 1989 management agreement. The unfortunate arrangement of paragraphs is simply one of several indications that FIRREA is a less than precisely worded statute.

Defendants' other argument is that removal was improper because RTC has

failed to formally substitute itself as a party, and therefore the requirements of 1441a(*l*)(1) and (3) have not been met. However, there is no doubt that RTC had the right to become a party to this action. *See* 12 U.S.C. §§ 1441a(*l*), 1821(d)(2)(A)(i). The Court will not remand for failure to formally do so; that would elevate form over substance and waste additional time and resources beyond that already expended by the confusing requirements of FIRREA.

▪ Accordingly, remand to state court is not permitted. However, the case may nevertheless be headed back to Virginia, because the Court is inclined to transfer it *sua sponte* to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) states:

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

There can be no doubt that the first prong of section 1404(a) would be met by transfer to the Virginia federal court. The papers show that this is a case involving Virginia parties, Virginia witnesses, Virginia facts, and Virginia law. It has virtually nothing to do with this jurisdiction. The convenience of the parties and the interests of justice require transfer. Although this case involves a nearby jurisdiction, to argue, as the RTC has in other cases before this Court, that transfer is not permitted by FIRREA would suggest that the statute contemplates repeatedly compelling litigants suing in local courts, no matter how far away, to prosecute their cases in this court. The implications for the Due Process Clause are serious.

The Court further concludes that transferring the instant action meets the other prong of 1404(a): The case "might have

been brought" in the Eastern District of Virginia. As indicated above, RTC is essentially a party to the present action. Accordingly, pursuant to section 1441a(*l*)(1), the Eastern District of Virginia court would have jurisdiction. Moreover, venue would be proper in that court pursuant to 28 U.S.C. § 1391(b), because the claim arose there.[1]

There is no indication that Congress intended by enacting the removal provision of FIRREA to bring in every sort of local case to this Court, no matter how significant or insignificant or no matter how intertwined with local affairs and local law. Counsel for RTC has argued in other removed cases before this Court that Congress envisioned that this Court would develop special expertise in RTC cases, but Congress could not conceivably have envisioned that the trial judges here would become expert in the laws of all 50 states and territories. The only specialized knowledge developed to date has related to parsing of the removal provisions themselves, made more difficult by the fact that RTC does not speak with a single voice on this matter but delegates it to an array of private counsel who advance a range of differing arguments against transfer and/or remand.

The Court has authority to act *sua sponte* to transfer a case to another federal district court pursuant to 1404(a). *Starnes v. McGuire,* 512 F.2d 918 (D.C.Cir.1974). The Court will enter an Order denying the motion to remand but directing that this case be transferred to the United States District Court for the Eastern District of Virginia unless one or more of the parties shows cause in writing within 14 calendar days of the date of this Order why the Court should not so act.

SO ORDERED.

---

1. The Court notes that, due again perhaps to unfortunate drafting, the FIRREA removal provision, section 1441a(*l*)(3), *supra,* appears to mandate that some cases that could appropriately be *transferred* by this Court to other federal courts pursuant to 28 U.S.C. section 1404(a) and 12 U.S.C. section 1441a(*l*)(1) could have been *removed* from state courts only to this Court and not to local federal courts in the first instance. Thus the statute appears in some cases to require, as will be the case here, removal to this Court first, followed by transfer to a federal court in the state of origin. *See Piekarski v. Home Owners Savings Bank, supra.*

## ORDER OF TRANSFER

Pursuant to the Court's Memorandum and Order dated November 5, 1990, setting forth the Court's analysis and reasons for transfer, and no party having shown cause why this action should not be transferred, it is hereby

ORDERED that defendants' Motion to Remand is denied; and it is further

ORDERED that this action is transferred *sua sponte* to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).