**TOWNS REAL ESTATE & APPRAISAL SERVICES, INC., et al., Plaintiffs,**

v.

**RESOLUTION TRUST CORPORATION, as Receiver for City Federal Savings & Loan Association, et al., Defendants.**

Civ. A. No. 90–AR–2691–S.

United States District Court, N.D. Alabama, S.D.

Jan. 8, 1991.

Lee R. Benton, Paul A. Liles, Schoel Ogle Benton Gentle & Centeno, Birmingham, Ala., for plaintiffs and counter-defendant.

Richard E. Davis, Lange Simpson Robinson & Somerville, Birmingham, Ala., for defendants and counter claimant.

## MEMORANDUM OPINION

ACKER, District Judge.

On December 26, 1990, this court entered an order directing Resolution Trust Corporation ("RTC"), as receiver for City Federal Savings & Loan Association, to show cause, if it could do so, why the above-entitled case should not be remanded to the state court.[1] RTC responded on January 3,

1.          ORDER TO SHOW CAUSE

The above-entitled case was removed to this court on December 14, 1990, by Resolution Trust Corporation (RTC), as receiver for City Federal Savings & Loan Association. 12 U.S.C. § 1441a(*l*)(3)(A) grants to RTC the right of removal for a period of ninety (90) days after RTC is substituted as a party in a case pending in a state court. Here the formal order recognizing the "substitution" was entered by the Circuit Court of Jefferson County, Alabama, on December 13, 1990. City Federal filed its answer in the state court on May 6, 1990, mentioning that City Federal was then in "conservatorship", whatever that meant. According to the allegations in the motion for substitution, the assets of City Federal "devolved to RTC" on September 14, 1990, ninety-one (91) days before the removal took place on December 14, 1990. Ostensibly, then, RTC became receiver of City Federal no later than September 14, 1990.

12 U.S.C. § 1441a(*l*)(2) provides:

The corporation [RTC] shall be *substituted* as a party in any civil action, suit, or proceeding to which its predecessor in interest [City Federal] was a party....

(emphasis supplied).

This language would seem to mean that the "substitution" automatically takes place as a matter of law. If so, this substitution took place no later than September 14, 1990, a fact which would render this removal untimely. December 13, 1990, the ninetieth day, was not a holiday nor a weekend day. If, however, Congress intended to give RTC complete freedom to choose its time for removal by waiting until a time it deems propitious to obtain a formal order of "substitution" by the state court, thus triggering the ninety (90) day period for removal, this removal took place only one day after the "substitution" and is thus timely. Put another way, could RTC have removed at any time after September 14, 1990?

Under the above-described circumstances, Resolution Trust Corporation is ORDERED to show cause in writing on or before January 7, 1991, if it can do so, why the case should not be remanded as having been untimely removed. The other parties are invited to file memoranda if they care to do so.

DONE this 26th day of December, 1990.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

1991, contending that it was not "substituted" for City Federal as a party in the state court proceeding involving City Federal until December 13, 1990, and that the notice of removal filed on December 14, 1990, was therefore within the ninety (90) day period provided by 12 U.S.C. § 1441a(*l*)(3)(A). RTC admits that it was appointed receiver for City Federal on September 14, 1990, ninety-one (91) days before the removal.

This is a case of first impression within the Eleventh Circuit, and perhaps within the United States. Although one district court in *Resolution Trust Corp. v. Key*, 733 F.Supp. 1086 (N.D.Tex.1990), has said that the "RTC was substituted as a party on November 10, 1989" (November 10, 1989, being the date upon which the order of substitution was entered by the state court), the said statement was *dictum*, because in *Key* ninety (90) days for removal by RTC pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1441a (*l*)(3)(A), had not elapsed from the date RTC had been appointed receiver. In other words, the actual date of "substitution" for the purpose of triggering the ninety (90) day removal period was not an issue. It was never raised nor discussed in *Key*, because it was unnecessary to the decision.

Although not dealing with RTC, two district courts have dealt with removals in a way which does shed light on this case. One was a removal by Federal Savings and Loan Insurance Corporation (FSLIC), and the other was a removal by the Federal Deposit Insurance Corporation (FDIC), the latter removal being under FIRREA as was this one. Both courts held that the time for removal began to run from the date of the appointment of the governmental agency as receiver rather than from the agency's first appearance in the state court proceeding from which the removal was attempted. In *American Sav. & Loan Assoc. v. Hoss*, 716 F.Supp. 979 (S.D.Tex. 1989), the district court said:

> [I]n *North Mississippi Sav. & Loan v. Hudspeth* [756 F.2d 1096 (5th Cir.1985), *cert. denied* 474 U.S. 1054, 106 S.Ct. 790,

88 L.Ed.2d 768 (1986) ], the Fifth Circuit held that requiring the formal joinder of FSLIC before FSLIC could remove a case would render the pleading process excessively technical. *See* 756 F.2d at 1100. Thus, *FSLIC's plea in intervention was not a necessary predicate before it could be considered a party to the state court litigation.*

716 F.Supp. at 980 (emphasis supplied).

In *Federal Deposit Ins. Corp. v. Norwood*, 726 F.Supp. 1073 (S.D.Tex.1989), another district court held:

> The FIRREA removal provisions specifically exempt FDIC from the general removal requirements in two ways. First, FIRREA provides that FDIC may remove a case "without bond or security." 12 U.S.C. § 1819(b)(2)(B), *as amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216. This language is an apparent reference to the former provision of the removal statute that required a bond to be posted upon removal. *See* 28 U.S.C. § 1446(d), *amended by* Judicial Improvements and Access to Justice Act of 1988, Pub.L. No. 100–702, tit. 10, § 1016(b), 102 Stat. 4669, 4670.
>
> Second, the FIRREA removal provisions relating to FDIC specifically depart from the general removal statute by allowing FDIC to appeal any order of remand. 12 U.S.C. § 1812(b)(2)(C), *as amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216. This provision represents a specific departure from the general rule, under 28 U.S.C. § 1447(d) (1982), that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." These specific alterations of the general removal scheme evidence Congress's intent not to create a FDIC removal power under FIRREA wholly independent of that general process. If FIRREA were intended to establish a wholly independent method of removal, there would have been no need for Congress to enu-

merate these specific exceptions to the general removal provisions.

Furthermore, FIRREA provides that all actions to which FDIC is a party "shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A), *as amended by* FIRREA, *supra*, § 209, 1989 U.S.Code Cong. & Admin.News (103 Stat.) at 216. This provision evidences an intent to provide the proper jurisdictional "hook" for removal under 28 U.S.C. § 1441(a). For these reasons, the Court finds that Congress drafted the FIRREA removal provisions to supplement, not supplant, the general removal statute. Thus, removals by FDIC under FIRREA remain subject to the 30–day removal limitations period of section 1446(b).

The next issue is whether the 30–day limitations provisions runs from the date of FDIC's appointment as receiver of a failed depository institution or from the date FDIC formally intervenes or substitutes in the state court proceedings. In this case, the more precise question is whether FDIC complied with the 30–day limitations period by removing concurrently with the filing of a motion to intervene and substitute in the state court proceedings, even though FDIC had been Katy's receiver for more than 30 days. The relevant removal limitations provision of section 1446(b) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b) (West Supp. 1989). The crucial exercise here is thus fixing the point at which FDIC could have first ascertained that the case was removable.

726 F.Supp. at 1075 (footnote omitted).

It is readily discernible from *Hoss* and *Norwood* that most of their rationale applies directly to this case, especially the discussion of FIRREA, its legislative purpose, and the immediate appealability of any order of remand. The only real differ-

ence between the treatment of the FDIC and RTC is the difference in the time period within which a removal must be effected. Congress obviously thought the RTC needed ninety (90) days within which to react to its removal opportunities.

RTC could have removed this case the day after it became receiver of City Federal on September 14, 1990. The whole concept of a specific time period within which removal can take place is built on the idea that the time begins to run on the date *when the case could first have been removed.* The pertinent statutory language here provides that RTC *"shall be substituted* as a party in any civil action...." 12 U.S.C. § 1441a(*l*)(2) (emphasis supplied). This language is mandatory. It does not give RTC or the state court any discretion in the matter. Therefore, "substitution" does not depend upon any action being taken by RTC or by the state court. The obtaining of a formal order of substitution in the state proceeding is a redundancy, albeit a permissible one. RTC could shortcut any such procedure and simply file its notice of removal directly in the federal court, reciting the pertinent facts. To conclude otherwise could create a chaotic condition in the state courts. It would cause consternation not only among the state judiciary but among the state court litigants, while they waited for the possible RTC removal shoe to drop, perhaps years into complex litigation.

For the foregoing reasons, and because there is that crucial one (1) day difference between ninety (90) and ninety-one (91), a separate order of remand will be entered.