**RESOLUTION TRUST CORPORATION, as Conservator for American Savings & Loan Association of Brazoria County, Plaintiff and Counterdefendant–Appellant,**

v.

**Leroy and Janet LIGHTFOOT, Defendants and Counterplaintiffs–Appellees.**

No. 90–1374.

United States Court of Appeals, Seventh Circuit.

Argued May 28, 1991.

Decided July 19, 1991.

Robert P. Fletcher, E. Glenn Rippie, Hopkins & Sutter, Martin F. Hauselman, Rhoda E. Markovitz, Liebling & Hauselman, Chicago, Ill., and Lawrence F. Bates, Laura A. Lane, and Panos S. Midis, Hopkins & Sutter, Dallas, Tex., for plaintiff-appellant.

Stephen E. Smith and George S. Bellas, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, WOOD, Jr. and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

This case presents a question of great practical, if not theoretical or intellectual, import. Does the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) permit the Resolution

Trust Corporation (RTC) to remove cases filed in state court to the federal court district in which the state action was pending? Or must RTC remove, if at all, to the District of Columbia or the district in which the principal business of the financial institution controlled by RTC is located? The lawsuits in which RTC is a party are, unfortunately, legion, and the proper venue for such cases needs to be clarified. We conclude that RTC may remove cases to the district in which the state court action is pending in addition to the other venues expressly authorized by FIRREA, and vacate the district court order remanding this case to state court.

American Savings & Loan Association of Brazoria County sued the defendants in the Circuit Court of Cook County, Illinois, to foreclose upon a mortgage. American went belly-up, however, and the Federal Home Loan Bank Board appointed the Federal Savings & Loan Insurance Corporation (FSLIC) as conservator in March 1989. FSLIC removed the suit to the federal district court for the northern district of Illinois in April 1989 pursuant to 12 U.S.C. § 1730(k)(1)(B) (repealed, Pub.L. 101–73, 103 Stat. 363 (1989))[1] and 28 U.S.C. § 1441.[2] The defendants filed a motion to remand the case back to state court, asserting that the suit involved only "the rights or obligations of investors, creditors, stockholders, and such institution under State law," depriving the district court of jurisdiction under § 1730. Before the district court ruled on the remand motion, Congress repealed § 1730 and FIRREA became law. Pub.L. 101–73, 103 Stat. 183 (Aug. 9, 1989). Under FIRREA, RTC replaced FSLIC as conservator of American, 12 U.S.C. § 1441a(b)(6),[3] and consequently RTC was formally substituted for FSLIC as a party to this lawsuit.

FIRREA conferred original subject matter jurisdiction upon the federal district courts in all cases in which RTC is a party. 12 U.S.C. § 1441a(l)(1).[4] FIRREA also permits RTC to remove any action in which it was substituted for FSLIC as a party

> to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located....

12 U.S.C. § 1441a(l)(3). The district court concluded that although this suit was removed before FIRREA was enacted, FIRREA nevertheless governed the suit and gave it subject matter jurisdiction. The court read the FIRREA remand provision, however, to mean that RTC may *only* re-

1. 12 U.S.C. § 1730 reads in pertinent part:

   (k)(1) Notwithstanding any other provision of law, ... (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy.... *Provided,* That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator ... of an *insured State-chartered institution and which* involves only the rights or obligations of investors, creditors, stockholders, and such institution under state law shall not be deemed to arise under the laws of the United States.

2. 28 U.S.C. § 1441 reads in pertinent part:

   (a) Except as otherwise expressly provided by *Act of Congress, any civil action brought in a* State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

3. 12 U.S.C. § 1441a reads in pertinent part:

   (b)(6) **Successor to FSLIC as conservator or receiver**
   As of August 9, 1989, the Corporation shall succeed the Federal Savings and Loan Insurance Corporation as conservator or receiver with respect to any institution for which the Federal Savings and Loan Insurance Corporation was appointed conservator or receiver during the period beginning on January 1, 1989 and ending on August 9, 1989.

4. 12 U.S.C. § 1441a(l) reads in pertinent part:

   (1) **In general**
   Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

move to the District of Columbia or to the location of the institution's principal business (in this case, Texas). The court therefore concluded that FIRREA did not authorize removal to the northern district of Illinois, and granted the defendants' motion to remand the case to the Cook County Circuit Court. On appeal, RTC asserts that the suit had been properly removed before FIRREA was enacted, obviating the need to interpret the FIRREA remand provision. Alternatively, RTC submits that FIRREA's remand provisions supplement, rather than replace, the remand provisions of 28 U.S.C. § 1441(a) that authorize removal to the federal district in which the state action is pending.

■ To begin, this case presents a question of venue, not jurisdiction. Whether the district court had jurisdiction over this suit under 12 U.S.C. § 1730 is irrelevant. Courts have jurisdiction to determine their jurisdiction, *Land v. Dollar*, 330 U.S. 731, 739, 67 S.Ct. 1009, 1013, 91 L.Ed. 1209 (1947), and as the district court had not yet resolved the question of its jurisdiction before Congress enacted FIRREA, this case was properly before the district court at that time. Once FIRREA became law, there is no question that the district court had jurisdiction to hear this case; Congress unequivocally conferred jurisdiction upon the court through § 501(a), Sec. 21A(*l*)(1) of FIRREA. 12 U.S.C. § 1441a(*l*)(1).

■ At issue, then, is whether venue is proper in the northern district of Illinois. RTC maintains that venue in the northern district of Illinois is proper now because it was proper before FIRREA was enacted. The district court, however, never ruled on the motion to remand before FIRREA became law and we agree with its view that FIRREA governs removal motions pending when it took effect. *Bradley v. Richmond School Bd.*, 416 U.S. 696, 716–17, 94 S.Ct. 2006, 2018–19, 40 L.Ed.2d 476 (1974) (intervening statute applies to pending cases unless a contrary intention appears); *In re Resolution Trust Corp.*, 888 F.2d 57, 58 (8th Cir.1989) (FIRREA conferred jurisdic-

tion to hear appeal of remand order that had previously been dismissed due to lack of appellate jurisdiction). We disagree, however, with its view that FIRREA restricts removal of cases in which RTC is a party to the District of Columbia or the district in which the institution's principal business is located.

■ Section 1441(a) of Title 28 of the United States Code provides that *"[e]xcept as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."* This language plainly permits removal of this case from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois absent an affirmative statement by Congress to the contrary. *See Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir.1988) (*any* civil action in which federal jurisdiction lies may be removed pursuant to § 1441(a)); *Cosme Nieves v. Deshler*, 786 F.2d 445, 451 (1st Cir.), *cert. denied*, 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986) ("Congress has made it plain that the right of removal is to stand absent an express provision to the contrary...."); *Baldwin v. Sears, Roebuck and Co.*, 667 F.2d 458, 460 (5th Cir.1982) ("Unless ... there is an express declaration by Congress to the contrary, all types of civil actions [in which there is federal jurisdiction] are removable."). FIRREA does not prohibit RTC from removing cases to the district where the state court suit was pending; it simply provides that RTC *may* remove to the District of Columbia or the district where the institution's principal business is located. 12 U.S.C. § 1441a(*l*)(3). If Congress intended FIRREA to provide the exclusive venue for removal, it did not say so, and we will not presume that it wished to repeal an existing statutory removal provision *sub silentio*.[5] *Crawford Fitting Co.*

<hr>

5. We are aware of nothing in the legislative history of FIRREA that supports the view that

the removal provision of § 501(a), Sec. 21A(*l*)(3) was intended to be exclusive. The

*v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987) (repeals by implication are not favored); *Watt v. Alaska*, 451 U.S. 259, 267, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981) ("We must read the statutes to give effect to each if we can do so while preserving their sense and purpose."). Congress clearly did not overlook the general removal provisions of Title 28 —as evidenced by the fact that it explicitly provided for appeal of remand orders when RTC is a party, appeals that would otherwise be barred by 28 U.S.C. § 1447(d).[6] The FIRREA removal provision would be clearer if it included a preface acknowledging the baseline removal provision of § 1441(a), but the mandate of § 1441(a) is

nonetheless sufficiently clear to resolve any ambiguity created by the absence of such a notation.[7] FIRREA does not expressly prohibit RTC from removing cases under 28 U.S.C. § 1441(a) and we therefore read its removal provisions to supplement, rather than to replace, those of § 1441(a).[8] *Accord Towns Real Estate & Appraisal Serv. v. RTC*, 753 F.Supp. 914, 916–17 (N.D.Ala.1991) (FIRREA removal provisions supplement general removal provisions of 28 U.S.C. § 1441(a)); *First Northern Bank v. RTC*, 750 F.Supp. 53, 55 (D.N.H.1990) (same). Consequently, RTC may remove to the district in which the state court action was filed; venue was proper in the northern district of Illinois.[9]

only reference to this provision that we have been able to locate merely paraphrases the statutory language. *See* H.Rep. No. 54(I), 101st Cong., 1st Sess. 362 (1989), U.S.Code Cong. & Admin.News 1989, pp. 86, 158.

**6.** 12 U.S.C. § 1441a(*l*)(3) explicitly authorizes appeals of remand orders, which are ordinarily barred by 28 U.S.C. § 1447(d). *See Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 345–52, 96 S.Ct. 584, 590–93, 46 L.Ed.2d 542 (1976).

**7.** We also note that FIRREA does not restrict the venues in which RTC may *initiate* suits (a fact that has prompted at least one court to hold that RTC may successfully move to transfer a case to a venue to which it could not have removed the case—*see Piekarski v. Home Owners Savings Bank*, 743 F.Supp. 38, 43 (D.D.C. 1990). We find it unlikely that Congress intended to narrow the choice of venue in cases in which RTC removes to federal court but not in those cases initiated by the Corporation. The likelihood that Congress intended to vary the available venues seems particularly small in light of federal court decisions stating that the FDIC and FSLIC (and presumably RTC as FSLIC's successor) can remove cases to federal court regardless of their status as plaintiff or defendant. *See, e.g., Beighley v. FDIC*, 868 F.2d 776, 779 n. 6 (5th Cir.1989); *In re FSLIC*, 837 F.2d 432, 434–36 (11th Cir.1988); *Franklin Nat'l Bank Securities Litigation v. Andersen*, 532 F.2d 842, 845 (2d Cir.1976); *FSLIC v. Quinn*, 419 F.2d 1014, 1019 (7th Cir.1969).

**8.** We recognize that our interpretation of § 1441a(*l*)(3) conflicts with the views of several district courts that have addressed this question. *See, e.g., Hellon & Assocs. v. Phoenix Resort Corp.*, 755 F.Supp. 280, 283–84 (D.Ariz.1990); *Piekarski v. Home Owners Savings Bank*, 743 F.Supp. 38, 41 (D.D.C.1990); *Philpott v. Resolution Trust Corp.*, 739 F.Supp. 380 (N.D.Ill.1990); *Matrix Ski Corp. v. FDIC*, 734 F.Supp. 763, 765

(N.D.Tex.1990); *RTC v. Key*, 733 F.Supp. 1086, 1091 (N.D.Tex.1990); *Security Homestead Ass'n v. Eitmann*, 1990 WL 124881 (E.D.La.). In *Philpott*, the district court recognized that "any case involving Resolution Trust [is] removable to federal court pursuant to 28 U.S.C. § 1441." 739 F.Supp. at 386. It nevertheless interpreted subsection (*l*)(3) of 12 U.S.C. § 1441a to exclude removal to the district in which the state court action was pending. *Id.* Neither the *Philpott* court, nor any of the others, however, acknowledge that 28 U.S.C. § 1441(a) applies absent an explicit statement by Congress to the contrary.

We are aware of no Court of Appeals that has addressed this question. In *RTC v. Westgate Partners*, 937 F.2d 526 (10th Cir.1991), the Tenth Circuit affirmed an order remanding the case to state court after removal. In that case, however, the RTC failed to request that the case be transferred to the District Court for the District of Columbia. The Tenth Circuit acknowledged that the case could have been removed to the D.C. District Court under 12 U.S.C. § 1441a(*l*)(3). The *Westgate Partners* opinion does not reach the question of whether the action could have been removed under 28 U.S.C. § 1441(a) to the district court in which the state court action was filed, which was also the district where the institution's principal place of business was located.

**9.** The extent to which § 1441a(*l*)(3) expands venue is not clear. That section permits removal to the District of Columbia of "any *such* action"; it is not clear whether "such action" refers to those actions described by subsection (1)—cases in which RTC is a party—or those described by subsection (2)—cases in which RTC was substituted as a party and which involve institutions subject to the February 7, 1989 management agreement between FSLIC, the Federal Home Loan Bank Board, and the FDIC. We leave this question for another day as it has not been briefed.

The order of the district court remanding this case to the Circuit Court of Cook County is therefore vacated.