**Luis MONTALVO SANTIAGO, Maria Montalvo Santiago, Plaintiffs,**

v.

**RESOLUTION TRUST CORPORATION, Carmen Arminda Pagán–Figueroa, Samuel Maduro–Classen, Defendants.**

### Civ. No. 90–2203 (JAF).

United States District Court,
D. Puerto Rico.

Oct. 18, 1991.

Elba I. Santiago, Carolina, P.R., for Luis Montalvo Santiago and Maria Montalvo Santiago.

Elí B. Arroyo, San Juan, P.R., for Samuel Maduro–Classen.

Rafael A. Vilá–Carrión, San Juan, P.R., for Carmen Arminda Pagán–Figueroa.

Roberto L. García Vega, Montañez Alicea & Rodriguez, San Juan, P.R., for Resolution Trust Corp.

## REMAND ORDER

FUSTE, District Judge.

Before the court is a motion to remand the present action to the Superior Court of Puerto Rico, San Juan Part, made by defendant Samuel Maduro–Classen. This motion is opposed by plaintiffs. Because we find that defendant Resolution Trust Corporation ("RTC"), as conservator for Caguas Central Federal Savings Bank ("bank"), did not timely file its Notice of Removal in this court, we grant defendant Maduro–Classen's motion and remand the action to the Superior Court of Puerto Rico.

### I.

### *Factual and Procedural Background*

On May 24, 1990, the Office of Thrift Supervision appointed RTC as conservator for the bank. At the time of the appointment, a civil action for the partition of assets and for damages was pending in the Superior Court of Puerto Rico (Civil No. KAC 88–0613 (1003)).[1] On August 23, 1990, RTC was substituted as a party for the bank in the local court action. Thereafter, on September 11, 1990, RTC filed its Notice of Removal in this court basing its right to removal on 12 U.S.C. § 1441a(*l*).

Litigation in this court continued. Plaintiffs filed motions for entry of default judgments and hearings in default against defendants Maduro–Classen and Carmen Arminda Pagán–Figueroa on July 5, 1991. (Docket Document Nos. 19, 20). On July 11, 1991, the Clerk of the Court filed an entry of default against defendant Maduro–Classen.

Thereafter, on July 22, 1991 counsel for defendant Maduro–Classen filed a motion assuming his legal representation and opposing the entry of default. (Docket Document No. 22). Defendant claims that he never received this court's order granting the withdrawal of counsel who represented him in the local action nor any other documents filed in the interim.[2] The court allowed substitution of counsel. At the same time, defendant filed the motion to remand.

### II.

### *Discussion*

The statutory provision which forms the basis for RTC's removal to this court is found in section 501(*l*)(3) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1441a(*l*)(3)(A). The relevant statutory language provides that "[t]he removal of any action, suit, or proceeding *shall be instituted*—(A) not later than 90 days after the date the Corporation (RTC) is substituted as a party." 12 U.S.C. § 1441a(*l*)(3)(A) (emphasis added). Examining the relevant dates, RTC was appointed conservator on May 24, 1990, was substituted as a party in the Superior Court action on August 23rd, and filed the Notice of Removal on September 11, 1990. Therefore, it is clear that if the ninety-day period for removal started to run from the date that RTC was appointed conservator, the removal notice was not timely filed. However, if the period started running from August 23rd, the date the local court substituted RTC, then the September filing was timely. We think that the better interpretation of the "shall be instituted" language requires that the ninety-day period for removal commences when RTC, in its capacity as conservator or receiver, is able to remove an action. We, therefore, find that the ninety-day period for filing a Notice of Removal commences on the date

---

**1.** We note here that defendant RTC failed to comply with 28 U.S.C. § 1446(a) in that "all process, pleadings and orders served upon such defendant in [the local] action" were not filed with the court. Included in the missing documents were the complaint and amended complaint detailing the exact nature of plaintiffs' claims.

**2.** In fact, parties were notified of the order both by fax and by mail on March 20–21, 1991.

that RTC is appointed conservator or receiver. Because the Notice of Removal was filed beyond the mandatory ninety-day period, we remand the action to the local court.

One sister court has addressed the precise issue before us. *See Towns Real Estate & Appraisal Services, Inc. v. Resolution Trust Corp.,* 753 F.Supp. 914 (N.D.Ala.1991). In *Towns Real Estate,* the court first looked at two earlier district court cases dealing generally with the issue of removal. *See American Savings & Loan Assoc. v. Hoss,* 716 F.Supp. 979 (S.D.Tex.1989); *Federal Deposit Ins. Corp. v. Norwood,* 726 F.Supp. 1073 (S.D.Tex. 1989). *See also Fed. Deposit Ins. Corp. v. Loyd,* 744 F.Supp. 126 (N.D.Tex.1990). In both these cases the time for removal began to run from the date the governmental agency was appointed as receiver and not from the date the agency first appeared in the local action. *Towns Real Estate,* 753 F.Supp. at 915–16; *American Savings & Loan,* 716 F.Supp. at 980; *Federal Deposit Ins. Co.,* 726 F.Supp. at 1075–77. *Accord Woburn Five Cents Sav. Bank v. Robert M. Hicks,* 930 F.2d 965, 968–71 (1st Cir. 1991) ("[W]e think the more reasonable approach is to treat the FDIC as a full party as a matter of law at the time of appointment since, at that time, the bank ceases to operate independently."). The court in *Town Real Estate* thus opined:

> RTC could have removed this case the day after it became receiver of City Federal on September 14, 1990. The whole concept of a specific time period within which removal can take place is built on the idea that the time begins to run on the date *when the case could first have been removed.* The pertinent statutory language here provides that RTC *"shall be substituted* as a party in any civil action...." 12 U.S.C. § 1441a(*l*)(2) (emphasis supplied). This language is mandatory. It does not give RTC or the state court any discretion in the matter. Therefore, "substitution" does not depend upon any action being taken by RTC or the state court. The obtaining of a formal order of substitution in the state proceeding is a redundancy, albeit a

permissible one. RTC could shortcut any such procedure and simply file its notice of removal directly in the federal district court, reciting the pertinent facts. To conclude otherwise could create a chaotic condition in the state courts. It would cause consternation not only among the state judiciary but among the state court litigants, while they waited for the possible RTC removal shoe to drop, perhaps years into complex litigation.

753 F.Supp. at 916.

■ This same concern about giving RTC unfettered control over the removal clock was shared by the district court in *Hellon & Assoc. v. Phoenix Resort Corp.,* 755 F.Supp. 280, 282–83 (D.Ariz.1990). In *Hellon & Assoc.,* the court found that, where RTC is appointed conservator or receiver, they should be deemed as substituted in the pending state court action as of the date the bank filed the action. As the court discussed,

> [u]nder this interpretation, the timing of the removal period would run as of the date of the filing of the action. Note that from plaintiff's perspective, any other interpretation effectively would give RTC the power to determine when the removal period begins to run. This would basically give the RTC unfettered control over the removal process. If removal were simply to depend on the filing of a motion to substitute by RTC, it is clear that RTC could simply proceed in state court without moving to be substituted as a party, thus delaying indefinitely the running of the applicable removal clock. Then if things took an undesirable turn in the state court proceeding, RTC could file its motion to substitute and remove the case within the period specified by the removal provision. It is unreasonable to assume that Congress intended to give RTC such a tactical advantage, especially given that removal statutes are to be construed strictly.

755 F.Supp. at 283 (citation omitted). While we are not in agreement with the *Hellon & Assoc.* court that RTC should be deemed substituted from the date of the

filing of the local court action,[3] we do agree with the court that interpreting the statute so as to allow RTC to control the commencement of the ninety-day removal period simply by delaying its substitution as a party defeats the Congressional intent of setting a time limit for RTC to remove actions pursuant to FIRREA. *Accord Resolution Trust Corp. v. Filippone*, 745 F.Supp. 404 (E.D.Tex.1990) (finding history of RTC involvement in case "as indicative of forum manipulation").

Also, the view that formal substitution in the state proceeding is nothing more than a formality was confirmed in *United Savings Bank v. Rose*, 752 F.Supp. 506, 507–08 (D.D.C.1990), where the district court refused to remand an action for failure to formally substitute RTC for the party in the state court action. The court curtly stated that RTC had the right to be substituted and a remand based on the technical failure to do so "would elevate form over substance and waste additional time and resources beyond that already expended by the confusing requirements of FIRREA." 752 F.Supp. at 508.

The court's concern in *Towns Real Estate* that opposing parties would be prejudiced (and state judicial resources wasted) by RTC's ability to "drop the removal shoe" at any time is borne out by the facts of this case. Here, RTC was appointed conservator on May 24th. It was not until 91 days later, on August 23rd, that the local court formally substituted RTC. If we used the August date to commence the ninety-day removal period, RTC would have had an additional ninety days in which to file the notice of removal. During that six-month period, even if the action had gone to trial in the Puerto Rico Superior Court, RTC would have been able to remove the case. *See Piekarski v. Home Owners Sav. Bank*, 743 F.Supp. 38, 41–42 (D.D.C.1990) ("RTC had the right to remove the case to [the district court], regardless of the stage of the proceedings, as long as RTC re-

moved within the time limits imposed by the statute."); *Resolution Trust Corp. v. Security Town Co.*, 745 F.Supp. 1216 (E.D.La.1990) (even actions pending before appellate courts are properly removed under 12 U.S.C. § 1441a(*l*)(3)). Under such circumstances, we think that commencing the ninety-day removal period with the date of the appointment of RTC balances the statutory right which the corporation has to remove an action to federal court *within the appropriate statutory time limitation* with the opposing party's right not to be forced into unnecessary and perhaps duplicative proceedings, thus adding burdens, financial and otherwise, to the party (generally the plaintiff) who seeks to vindicate his rights through litigation.

Cases discovered during our limited research which seem to stand for the contrary proposition, that the date of substitution as a party in the state court action is the date which starts the ninety-day clock for removal purposes, simply have not addressed the precise question that the court in *Town Real Estate* decided and which is the subject of the remand motion before us. In *First Northern Bank v. Resolution Trust Corp.*, 750 F.Supp. 53 (D.N.H.1990), the court was faced with a *venue* and not a removal question. The court did state that RTC properly filed its answer and counterclaim within ninety days of its substitution as a party. However, the state court action had been removed *prior* to RTC being named conservator. Clearly, the court in *First Northern Bank* was concerned with RTC not losing its statutory right under section 501(*l*)(3) to change *venue*. The court's substitution language must be read in that context.

In *Garrett v. Commonwealth Mortg. Corp.*, 938 F.2d 591, 593–94 (5th Cir.1991), the court was concerned with the substitution of RTC *for the Federal Savings & Loan Insurance Corporation ("FSLIC")*, not for RTC's substitution with a party in a pending state court action. Here, the issue

---

**3.** To do so would unfairly prejudice RTC since, where the state court action was commenced more than 90 days before RTC is appointed conservator or receiver, RTC would be barred from removing the action. We think the better

reading of section 501(*l*)(3) is that the "substitution" occurs at the time RTC is appointed conservator or receiver and not at the commencement of the state court action.

had to do with the power of RTC to remove actions upon the enactment of FIRREA in August 1989. The court in *Garrett* interpreted FIRREA as granting RTC an *independent right* to remove pending state court actions even where the FSLIC failed to do so. 938 F.2d at 594.

In *Kirby v. Mercury Sav. and Loan Ass'n*, 755 F.Supp. 445 (D.D.C.1990), the factual scenario is almost identical to the facts before us. In *Kirby*, there was a pending state court action, an appointment of the RTC as conservator in May 1990, and a notice of removal filed in September 1990, more than ninety days after the appointment of RTC. While we venture no explanation as to why the district court did not address the issue of when the ninety-day removal period commenced (other than it may not have been raised by the parties), we note that the ultimate disposition of the action was to transfer it to the Southern District of California pursuant to 28 U.S.C. § 1404(a). In any case, the court did not address the issue of when the ninety-day period for removal commenced. *See also, Resolution Trust Corp. v. Plumlee*, 745 F.Supp. 1462 (E.D.Ark.1990) (FSLIC, not RTC, appointed conservator prior to enactment of FIRREA).

Finally, in *Resolution Trust Corp. v. Key*, 733 F.Supp. 1086, 1090 (N.D.Tex. 1990), the court used the date RTC was substituted as a party and not the date of its appointment as receiver. However, we agree with the court in *Towns Real Estate*, 753 F.Supp. at 915, which found the language in *Key* to be *dictum* since the facts of the case did not create an issue requiring the court to resolve whether the ninety-day statutory period had elapsed.

In sum, we think that the case of *Towns Real Estate* more correctly defines the commencement of the ninety-day period in which actions can be removed under 12 U.S.C. § 1441a(*l*)(3) and adopt its reasoning. Since the notice of removal was not filed within the applicable period, the case must be remanded to the Superior Court of Puerto Rico.

■ Finally, the fact that almost a year passed before a motion to remand was filed does not require a different result. While the normal period for a party to remand an action is thirty days pursuant to 28 U.S.C. § 1447(c),[4] and while we agree with courts which have found that the FIRREA removal provisions "supplement, not supplant, the general removal statute," *Norwood*, 726 F.Supp. at 1075; *Resolution Trust Corp. v. Lightfoot*, 938 F.2d 65, 68 (7th Cir.1991), both the nature of the alleged "defect" and the specific facts of this case make remand appropriate. First, we are not dealing here with a defect in the removal procedure. The language of section 501(*l*)(3)(A), which states that "removal of any action, suit or proceeding shall be instituted—(A) *not later than 90 days* ..." is mandatory. We interpret this language as denying RTC the right to remove an action after ninety days had passed. Therefore, since RTC was without power to remove the action, the thirty-day period of 28 U.S.C. § 1447(c) does not apply.

Also, the facts in this case support a decision to remand. Maduro–Classen made his motion to remand, along with a motion opposing the entry of default judgment, at the same time new counsel undertook his representation in July 1991. This represented his first appearance in the federal court action. Defendant claims to have not received any filings from either the court or the other parties. Nor did RTC's notice of removal certify that attorney Guzmán, one of Maduro–Classen's counsel in the local action, had been served a copy of the notice.[5] Given these facts, it would seem unfair to deny remand where, as here, defendant promptly interposed his motion to remand upon his first appearance in the federal court action.

---

**4.** Section 1447(c) provides, in pertinent part:
A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

**5.** Attorney Pérez, also counsel to Maduro–Classen in the local court action, was sent a copy of the notice of removal.

We, therefore, find that defendant Maduro–Classen's motion to remand, though interposed more than thirty days after the notice of removal was filed, was timely. Accordingly, we remand the action.

### III.

### *Conclusion*

Based on the reasoning stated above, we find that RTC did not timely file its Notice of Removal pursuant to 12 U.S.C. § 1441a(*l*)(3)(A).

We, therefore, REMAND the action to the Superior Court of Puerto Rico, San Juan Part.

IT IS SO ORDERED.