**RESOLUTION TRUST CORPORATION, Plaintiff,**

v.

**Thomas FRAGETTI, et al., Defendants.**

**No. 93–116–CIV–FTM–17D.**

United States District Court, M.D. Florida, Fort Myers Division.

Sept. 27, 1993.

Robyn C. Mitchell, Mitchell, Williams & Clyne, P.A., Coral Gables, FL, for plaintiff.

Kathleen Weber Raskin, Stephen L. Raskin, Law Offices of Stephen L. Raskin, South Miami, FL, for defendants.

Kenneth R. Hartmann, Kozyak, Tropin & Throckmorton, P.A., Miami, FL, for counterdefendant Resolution Trust Corp.

## ORDER ON MOTION TO REMAND TO STATE COURT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Remand to State Court, filed May 19, 1993, and response thereto filed May 25, 1993. The Court finds that because the Plaintiff, Resolution Trust Corporation, as conservator and receiver for Carteret Savings Bank, F.A., did not timely file its Notice of Removal in this Court, Motion for Remand to State Court should be granted.

### FACTS

On March 26, 1992, Carteret Savings Bank, F.A. (hereinafter "Old Carteret") instituted an action in foreclosure against the Fragetti defendants in State court. Thereafter on December 4, 1992, the Office of Thrift Supervision ordered Carteret Savings Bank, F.A. closed and appointed the Resolution Trust Corporation (hereinafter "RTC") as its Receiver. Upon its appointment, RTC–Receiver succeeded to all rights, titles, powers and privileges of Carteret. Also on December 4, 1992, RTC–Receiver transferred to Carteret Federal Savings Bank, a newly chartered federal savings association ("New Carteret"), certain assets of Old Carteret, including the asset which is the subject of this lawsuit. On that same day, RTC was appointed by the Office of Thrift Supervision as Conservator of New Carteret. RTC–Conservator retained any and all potential liabilities associated with or arising from assets which were transferred to New Carteret, including any potential liabilities relating to or associated with the asset which is the subject of this lawsuit. For the foregoing reasons, RTC's Motion for Substitution of Party Plaintiff and Counterdefendant in this cause was granted on May 25, 1993.

Prior to RTC's Motion for Substitution of Party Plaintiff, RTC filed a Notice of Removal on April 30, 1993, and the case was removed to this court.

### DISCUSSION

The statutory provision which forms the basis for RTC's removal to this Court is found in section 501(a)($l$)(3) of the Financial

Institutions Reform Recovery and Enforcement Act of 1989 (hereafter "FIRREA"), 12 U.S.C. Sections 1441a($l$)(3)(A) and 1441a($l$)(3)(B). The relevant language of Section 1441a($l$)(3)(A) provides "[t]he removal of any action, suit, or proceeding shall be instituted—(A) not later than 90 days after the date the Corporation (RTC) is substituted as a party." The language of Section 1441a($l$)(3)(B) which the RTC argues is operative in this instance turns on the definition of "substituted". The statute provides:

> The Corporation shall be deemed substituted in any action, suit, or proceeding for a party upon the filing of a copy of the order appointing the Corporation as conservator or receiver for that party or the filing of such other pleading informing the court that the Corporation has been appointed conservator or receiver for such party.

The significant dates in the instant action are December 4, 1992, when RTC was appointed Receiver and Conservator for Carteret Savings Bank, F.A.; April 30, 1993, when RTC filed its Notice of Removal; and May 25, 1993, when RTC's Motion for Substitution of Party Plaintiff was filed and granted. If RTC is deemed substituted on the date of appointment, then the ninety-day (90) period for removal commenced on December 4, 1992, when RTC was appointed as Receiver and Conservator, and therefore the Notice of Removal was not timely filed.[1] On the other hand, if the ninety-day (90) period commenced from May 25, 1993, the date RTC was substituted as Party Plaintiff, then the April 30, 1992, Notice of Removal was not only timely, it was early.

The RTC argues that Defendant's Motion rests entirely on a recent Order of Remand entered by the Honorable James C. Paine, United States District Court for the Southern District of Florida (*Carteret Savings Bank v. Diedrick,* Case No. 14098–CIV–

PAINE), an action which was removed to that Court simultaneously with the removal of the instant action, and which also involves the RTC as both conservator and receiver. Judge Paine granted the Defendant's Motion to Remand on the grounds that under 12 U.S.C. Section 1441a($l$)(3)(A), the ninety-day period for removal by the RTC should be measured from RTC's appointment as conservator or receiver rather than its formal substitution by the state court; and, as a result, the RTC's removal, which occurred 146 days after the date of its appointment, was untimely.[2]

In opposition to Judge Paine's ruling, the RTC suggests that the February 1, 1992, amendment to Title 12, Section 1441a($l$) more precisely answers the question. The RTC maintains that the ninety (90) days during which the RTC is authorized to remove a case to federal court is not determined by the date the RTC is appointed receiver or conservator, but by the date on which the RTC is substituted as a party; that date determined by the formal filing of a Notice of Substitution. The response presented by the RTC in support of their opposition to the Defendant's Motion to Remand states that the RTC as conservator and receiver was substituted as Party Plaintiff on or about April 28, 1993, upon filing of RTC's Notice of Substitution, with order of appointment as conservator and receiver attached. This Court, however, finds it was in fact the RTC's Notice of Removal, with appointment as conservator and receiver, attached that was filed on or about April 30, 1993, and not a Notice of Substitution as suggested by the RTC. It was not until May 25, 1993, that the RTC filed its Motion for Substitution as Party Plaintiff.[3]

Defendants' arguments advance the interpretations of *Montalvo Santiago v. Resolution Trust Corp., et al.,* 779 F.Supp. 632

---

**1.** The ninety-day (90) time period from December 4, 1992 would have run on March 4, 1993. The RTC filed its Notice of Removal on April 30, 1993, fifty-seven (57) days late.

**2.** The RTC subsequently filed a Motion for Reconsideration or in the Alternative to Vacate. The Motion was denied on the grounds that once remanded, the Court lacked jurisdiction "to va-

cate or otherwise correct its remand order." citing RTC's Response to Motion to Remand to State Court (Case No. 93–116–CIV–FTM–17D).

**3.** It is important to note that whether the RTC filed a Motion for Substitution or Notice of Removal on April 30, 1993, does not critically alter the ultimate determination of this issue.

(D.P.R.1991), and *RTC v. Eugenio*, 790 F.Supp. 686 (N.D.Tex.). The *Montalvo Santiago* Court reasoned that the "shall be instituted" language of 12 U.S.C. § 1441a(*l*)(3)(A) requires that the ninety-day period for removal commence when the RTC, in its capacity as conservator or receiver, is able to remove an action, such ability vesting in the RTC on the day of appointment. That court held that where the Notice of Removal was filed beyond the mandatory ninety-day (90) period the action should be remanded to the local court.

The *Montalvo Santiago* Court relies on their sister court decision in *Towns Real Estate & Appraisal Services, Inc. v. Resolution Trust Corp.*, 753 F.Supp. 914 (N.D.Ala. 1991), which examined two earlier district court cases dealing generally with the issue of removal.[4] The *Towns* Court opined that "the whole concept of a specific time period within which removal can take place is built on the idea that the time begins to run on that date when the case could first have been removed." *Id.* at 916. The Court further stated that the language of 12 U.S.C. Section 1441a(*l*)(2) is mandatory. It does not give RTC or the court any discretion in the matter. Therefore, "substitution" does not depend upon any action being taken by the RTC or the state court. The obtaining of a formal order of substitution in the state proceeding is a redundancy. The Court ultimately determined that the RTC could manipulate the relevant date of removal simply by delaying their request for formal substitution as a party.

An identical concern regarding the vesting of control over the removal clock in the RTC was expressed by the court in *Hellon & Assoc. v. Phoenix Resort Corporation*, 755 F.Supp. 280, 282–83 (D.Ariz.1990). *Santiago Montalvo* at 634. The *Hellon* Court found that where the RTC is appointed conservator or receiver, they should be deemed substituted in the pending state court action as of the date the bank filed the action. Therefore, the timing of the removal period would run as of the date of the filing of the action. Any

other interpretation would effectively give the RTC the power to determine when the removal period begins to run and the RTC could therefore, acquire unfettered control over the removal process. If removal were dependent solely on the filing of a Motion to Substitute, then the RTC could simply proceed in state court without moving to be substituted as a party, thereby delaying indefinitely the running of the removal clock. The *Hellon* Court found that it would be unreasonable to assume that Congress intended to give such a tactical advantage. *Id.* at 283. Like the *Montalvo Santiago* Court, we agree that an interpretation which allows the RTC to control the commencement of the ninety-day removal period by delaying its substitution as a party defeats the Congressional intent of the statute's specific time limiting language. See also *Resolution Trust Corp. v. Filippone*, 745 F.Supp. 404 (E.D.Tex.1990). *Montalvo Santiago* at 635.

We are further aligned with the *Montalvo Santiago* Court, in its disagreement with the *Hellon* Court that the RTC should be deemed substituted from the date of the filing of the local court action. *Montalvo Santiago* at 634, 635. Instead, like the *Montalvo Santiago* Court, we concur that the better position is the RTC is deemed "substituted", for the purpose of commencement of the ninety-day period, on the day they are formally appointed as receiver or conservator. To find otherwise would result in unfair prejudice to the RTC. If the state court action was commenced more than ninety (90) days before the RTC is appointed conservator or receiver, RTC would be effectively barred from ever removing the action. It is unlikely that Congress would have desired this result either. *Id.*

In *Resolution Trust Corporation v. Eugenio*, 790 F.Supp. 686 (N.D.Tex.1991), the defendants urged that the ninety-day period for removal commences when the RTC is appointed receiver or conservator for a failed institution that is a party to a suit already filed, and not when the RTC formally substi-

---

4. See *American Savings & Loan Assoc. v. Hoss*, 716 F.Supp. 979 (S.D.Tex.1989) and *Federal Deposit Insurance Corp. v. Norwood*, 726 F.Supp. 1073 (S.D.Tex.1989). In both these cases, the time for removal began to run from the date the governmental agency was appointed as receiver and not from the date the agency first appeared in the local action.

tutes itself as a party to that suit. The RTC counter-argued that where the failed bank initially instituted the suit the RTC was not involved until the Defendants filed their counter-claim against the bank[5]. The RTC maintained that instead, the thirty-day time period of 12 U.S.C. § 1441a($l$)(3)(A)(ii) should apply. That court found that the thirty-day time period applies only when suit is filed against the RTC itself and does not apply to counter-claims filed in cases in which the RTC already functions as the plaintiff. *Id.* at 688. The court in *Eugenio* found that "substitution" does not occur only on motion of the RTC. (emphasis added). If it did, the RTC could manipulate the timing of the removal period, which runs counter to the intent of the statute. *Id.* at 689. In addition, the RTC's right to remove a case without a formal motion of substitution has been upheld. See e.g., *United Sav. Bank v. Rose,* 752 F.Supp. 506, 508 (D.D.C.1990). *Id.*

The *Eugenio* Court concluded that the RTC's appointment as receiver or conservator triggers the ninety-day period for removal. "It is at the time of appointment that, for all practical purposes, the RTC assumes the powers and responsibilities of the failed institution in the lawsuit." The court further cited its agreement with the holding in *Towns Real Estate Appraisal Servs., Inc. v. RTC,* 753 F.Supp. 914 (N.D.Ala.1991), finding that the ninety-day period commences at the time of the RTC's appointment. In *Towns,* the court added that "any motion for formal substitution of the RTC was irrelevant." *Eugenio,* at 690, citing *Towns* at 916.

█ Therefore, this Court finds that the RTC was appointed, as receiver and conservator for Carteret Savings Bank, F.A., on December 4, 1992, and at that time they assumed all of the comprehensive responsibilities for Carteret, including the responsibility for this suit. December 4, 1992, is therefore, the date from which the ninety-

day period for removal begins. The RTC did not file its Notice of Removal until April 30, 1993, and therefore it was not within the ninety-day limiting period for removal and is consequently untimely.[6] The RTC has failed to establish that its removal was proper. Accordingly, it is

**ORDERED** that Defendants' Motion to Remand to State Court be **granted** and that this action be **REMANDED** to the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida by the Clerk of the Court.

**DONE AND ORDERED.**

---

5. Sunbelt Savings, FSB, instituted suit against the Eugenio defendants on August 2, 1990. The RTC was appointed receiver for Sunbelt on April 25, 1991. At the same time, RTC was appointed conservator for the newly created Sunbelt Federal Savings, FSB. The Eugenios timely filed counter-claims against Sunbelt on July 22, 1991. Then, one month later, on August 21, 1991, the RTC removed the case to the United States District Court for the District of Columbia and filed its Notice of Substitution.

6. To have been timely, the RTC would have had to file its Notice of Removal not later than March 4, 1993.