The RESOLUTION TRUST
CORPORATION, et al.

v.

Donald A. FILIPPONE, et al.

No. TX-90-55.

United States District Court,
E.D. Texas,
Texarkana Division.

Sept. 7, 1990.

Charles C. Frederiksen, Haynes and Boone, John J. Edwards, Stacy E. Sallee, Dallas, Tex., for plaintiffs.

Howard Waldrop, Atchley Russell Waldrop & Hlavinka, Texarkana, Tex., Frances J. Jaynes, Deconcini McDonald Brammer Yetwin & Lacy, Phoenix, Ariz., for defendants.

## ORDER

HALL, District Judge.

Came on for consideration certain defendants' Motion to Remand this case to state court in Phoenix, Arizona, and Plaintiffs' Response in opposition. Due deliberation being had, the Court is of the opinion that said Motion should be GRANTED.

The procedural history of this case begins with the filing of a complaint in Arizona state court on May 31, 1988 for a deficiency judgment. The plaintiffs were United Bank of Arizona and Security Savings Association, FSA.[1] On March 15, 1989, Security Savings Association, FSA was placed into conservatorship and the FSLIC was appointed Conservator. On September 28, 1989, the Resolution Trust Corporation (RTC) was appointed Receiver of Security Savings Association, FSA. RTC was also appointed Conservator of Security Federal Savings Association. Assets of Security Savings Association, FSA were transferred to Security Federal Savings Association by RTC as Receiver for the former and Conservator for the latter. These assets included the note and deed of trust made the basis of the present suit. On April 12, 1990 Security Federal Savings Association was ordered substituted as the real party-in-interest in place of Security Savings Association, FSA. On May 10, 1990, the RTC was authorized by court order to appear as the appropriate plaintiff as Conservator of Security Federal Savings Association. The RTC filed a Notice of Removal to the United States District Court for the District of Arizona, Phoenix Division. The RTC subsequently withdrew its Notice of Removal, and the action was ordered remanded to state court on May 29, 1990. On July 9, 1990, the RTC filed its Notice of Removal to the United States District Court for the Eastern District of Texas, Texarkana Division.

A notice of trustee's sale had allegedly been sent on July 7, 1987, with the sale subsequently being held and this resulting suit for deficiency judgment being filed May 31, 1988. The FSLIC had been appointed receiver for Security Savings Association on June 11, 1987, a date prior to the sale for default. Clearly, then, the FSLIC was involved in this case from its inception, although the actual filing may have occurred while the note was in the hands of Security Savings Association, FSA, but before it was placed in conservatorship. The dates for these events have not been furnished to the Court.

Substantial discovery occurred in the case in the state court of Arizona. Plaintiffs filed Motions for Summary Judgment, which were denied on April 10, 1990. With a pretrial settlement conference scheduled by the Court for May 18, 1990 and a trial setting of June 18, 1990, the RTC filed a Motion to substitute itself as plaintiff on May 3, 1990. The substitution order was signed on May 10 and the RTC promptly filed its first Notice of Removal. The RTC had been the controlling party in this case since September 28, 1989, upon its appointment as conservator of Security Federal Savings Association. The Court can only read this history as indicative of forum manipulation by the RTC.

The RTC filed its Notice of Removal to this Court pursuant to 12 U.S.C. § 1441a *et*

---

1. Security Savings Association, FSA was the successor to Security Savings of Texarkana, Texas which was placed in receivership in June, 1987.

*seq.* and 28 U.S.C. § 1441, but couches its Response to the Motion to Remand only in terms of 12 U.S.C. § 1441a, codification of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA). Section 1441a(*l*) addresses the power of the RTC to remove cases. Subsection 1 states that any action to which the RTC is a party shall be deemed to arise under the laws of the United States, and thus allows removal under the general removal statute 28 U.S.C. § 1441. Subsection 2 states that the RTC shall be substituted in cases involving certain institutions that were the subject of a February 7, 1989 management agreement. The RTC, through counsel, has informed this Court that Security Savings Association, FSA was not an institution subject to that management agreement. Subsection 3 gives the RTC extenuated times for filing removal actions for cases involving institutions identified in the previous subsection, namely, those subject to the 1989 management agreement. Those cases may only be removed to the United States District Court for the District of Columbia, unless the case arises out of actions of the RTC, in which instance the removal may be to the District Court for the district where the financial institution's principal place of business is located. Subsections 2 and 3 are not controlling here. Therefore, any removal action by the RTC in the present case is governed by the general removal statute. *Philpott v. Resolution Trust Corporation,* 739 F.Supp. 380 (N.D. Illinois, E.D.1990); *Federal Savings and Loan Ins. Corp. v. Westgate Partners, Ltd.,* 726 F.Supp. 807, 809 (D.Colo. 1989).[2]

Under the general removal statute, notice of removal is timely when filed within thirty days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). As is evident from the case history set forth above, the RTC and its predecessor the

FSLIC were involved in this case from the start. Case law is clear that formal joinder of the FSLIC is not necessary before it can be considered a party to litigation. *Henry v. Independent American Sav. Ass'n,* 857 F.2d 995, 998 (5th Cir.1988); *American Sav. & Loan Ass'n of Brazoria County v. Hoss,* 716 F.Supp. 979, 980 (S.D.Tex.1989). Even if the RTC's involvement is dated from the May 10, 1990 Order of substitution, however, this Notice of Removal on July 9, 1990 was not timely. It is, therefore,

ORDERED, ADJUDGED, AND DECREED that the above entitled and numbered cause of action is hereby REMANDED to the Superior Court of Maricopa County, Arizona.

---

**2.** The Court is of the opinion that 12 U.S.C. § 1441a(*l*) is logically interpreted as discussed. Were § 1441a(*l*)(3) to be construed as the exclusive removal provision for the RTC, all cases not arising from the actions of the RTC would be removable only to the District of Columbia. It strains credulity to posit that Congress would burden that District with the thousands of cases

in which the RTC may be a party. However, if the present case were governed by 12 U.S.C. § 1441a, then the RTC could remove this case only to the District of Columbia, since the case does not arise from any actions of the RTC. Remand is required in such a situation. *Royal Bank of Canada v. Federal Deposit Ins. Corp.,* 733 F.Supp. 1091 (N.D.Tex.1990).