**HELLON & ASSOCIATES, INC., an Arizona Corporation, Plaintiff,**

v.

**PHOENIX RESORT CORP., a Delaware Corp., Lincoln Savings & Loan Assoc., a California Corp.**

**No. CIV 90–1302 PHX CAM.**

United States District Court,
D. Arizona.

Dec. 18, 1990.

Paul Daniel Julien, Paul D. Julien, P.C., Sharmilla Roy, Tucson, Ariz., for plaintiff.

David Lawrence Abney, Marilyn Deanne Cage, Morrison, Hecker, Curtis, Kuder, and Parrish, Phoenix, Ariz., for defendants.

## ORDER

MUECKE, District Judge.

Having considered all the briefs filed concerning defendants' motion for substitution and plaintiff's motion to remand and the oral argument presented to the Court, the Court concludes as follows:

## INTRODUCTION

This lawsuit concerns a contractual matter between plaintiff Hellon & Associates, Inc. ("Hellon") and defendants Phoenix Resort Corporation and Lincoln Savings and Loan (collectively referred to as "Lincoln"). In September 1988, defendants contracted with Hellon requesting that Hellon attempt to reduce defendants' 1988 personal property tax issues. In June 1989, the contract was extended to provide the same services for the 1989 tax period. On February 16, 1990, Hellon invoiced defendants pursuant to the contract. Defendants failed to pay any portion of the sum owing to Hellon.

Lincoln Savings and Loan Association ("Old Lincoln") is one of two named defendants in this action. Old Lincoln was chartered under the laws of the State of California. On April 14, 1989, the Federal Savings and Loan Association Corporation ("FSLIC") was appointed conservator for Old Lincoln and subsequently, receiver on August 2, 1989.

On August 2, 1990, the Federal Home Loan Bank Board ("FHLBB") directed FSLIC to organize a new federal mutual thrift from the framework of Old Lincoln. The newly created federal mutual thrift is known as Lincoln Savings & Loan Association, F.A. ("New Lincoln"). The actual transfer between Old Lincoln's assets and liabilities took place on August 3, 1990. Notice of Removal, at 3–4. Under the terms of the acquisition agreement, New Lincoln acquired all of FSLIC's rights, title and interest in and to Old Lincoln's assets, in consideration for assuming Old Lincoln's liabilities. *Id.* FSLIC was also appointed conservator for New Lincoln.

On July 27, 1990, Hellon filed a complaint against the defendants for breach of contract, unjust enrichment, and quantum meruit. On August 23, 1990, the Resolution Trust Corporation ("RTC") filed simultaneously a Notice of Removal and a motion for substitution of proper party. RTC filed the Notice on behalf of Lincoln Savings and

Loan Association, F.A., i.e., New Lincoln, as its federal conservator.

## DISCUSSION

On August 9, 1989, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.Law 101–73, 103 Stat. 183, which created the Resolution Trust Corporation and abolished the FSLIC. RTC automatically succeeded FSLIC as conservator and receiver. 12 U.S.C. § 1441a(b)(6).

### I. *Defendant's Motion for Substitution*

 The RTC argues that it is, in its capacity as New Lincoln's federal conservator, the real party in interest in this matter, and therefore should be formally substituted as a defendant. Defendants' Motion, at 3. Hellon responds that under 12 U.S.C. § 1441a(*l*)(2) substitution of the RTC as a party is inappropriate unless Lincoln was subject to the February 7, 1989, management agreement among FHLBB, FSLIC, and the Federal Deposit Insurance Corporation ("FDIC").

> Title 12 § 1441a(b)(6) provides as follows:
> **(6) Successor to FSLIC as conservator or receiver**
> As of August 9, 1989, the Corporation shall succeed the Federal Savings and Loan Insurance Corporation as conservator or receiver with respect to any institution for which the Federal Savings and Loan Insurance Corporation was appointed conservator or receiver during the period beginning on January 1, 1989 and ending on August 9, 1989.

Under subsection (b)(6), the RTC is successor to those interests of the FSLIC to which the FSLIC was appointed as conservator or receiver on or after January 1, 1989. In effect, the RTC is FSLIC's corporate successor. It stands in FSLIC's shoes.

> Title 12 § 1441a(*l*)(2) provides:
> **(2) Corporation as party**
> The Corporation [RTC] *shall be substituted as a party in any civil action,* suit, or proceeding *to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated Febru-*

*ary 7, 1989,* among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board and the Federal Deposit Insurance Corporation. (emphasis supplied).

Under subsection (*l*)(2), the RTC "shall be substituted as a party in any civil action ... to which its predecessor in interest [FSLIC] was a party with respect to institutions which are subject to the management agreement dated February 7, 1989...." Although the argument is not thoroughly developed, plaintiff seems to assert that the RTC may only be substituted pursuant to subsection (*l*)(2). *See* Plaintiff's Motion to Remand, at 12.

The problems with plaintiff's argument are twofold. First, since the FSLIC was appointed conservator and receiver for Lincoln on April 14 and August 2, 1989, respectively, it seems clear that under subsection (b)(6), the RTC succeeds to all the interests to which the FSLIC was appointed to as conservator and receiver for Old and New Lincoln. Second, under 12 U.S.C. § 1441a(b)(4), the RTC is granted the same powers and rights as conservator or receiver of an institution that the FDIC possesses under 12 U.S.C. §§ 1821, 1822, and 1823. Under 12 U.S.C. § 1821(d)(2)(A),

> The [RTC] shall, as conservator or receiver, and by operation of law, succeed to—
> (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution; and
> (ii) title to the books, records, and assets of any previous conservator or other legal custodian of such institution.

Since the RTC, as conservator, may participate in legal proceedings involving Old and New Lincoln, it seems reasonable to conclude that the RTC should not be held to strict pleading requirements. In addition, it seems reasonable to conclude that any time the RTC is a receiver or conservator, it should be deemed substituted as of the date of the filing of the action involving

the savings and loan association. Under this interpretation, the timing of the removal period would run as of the date of the filing of the action. Note that from plaintiff's perspective, any other interpretation effectively would give RTC the power to determine when the removal period begins to run. This would basically give the RTC unfettered control over the removal process. If removal were simply to depend on the filing of a motion to substitute by RTC, it is clear that RTC could simply proceed in state court without moving to be substituted as a party, thus delaying indefinitely the running of the applicable removal clock. Then, if things took an undesirable turn in the state court proceeding, RTC could file its motion to substitute and remove the case within the period specified by the removal provision. It is unreasonable to assume that Congress intended to give RTC such a tactical advantage, especially given that removal statutes are to be construed strictly. *See Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (9th Cir. 1988) (removal statute, 28 U.S.C. § 1441, should be strictly construed against removal).[1]

In short, the Court will grant RTC's motion to substitute and deem them substituted as of the date of the filing of the action.

## II. *Plaintiff's Motion to Remand*

■ The RTC removed pursuant to subsection (*l*)(3) and 28 U.S.C. § 1441. Notice of Removal, at 1. The Court will not consider § 1441 because it is convinced that the RTC may not rely on removal provisions other than those specified in FIRREA. Case law indicates, and indeed this is the most common sense interpretation, that the RTC may not base removal on any removal statute other than that provided in FIRREA. *See FSLIC v. Westgate Part-*

*ners, Ltd.,* 726 F.Supp. 807, 809 (D.Colo. 1989) (because removal jurisdiction is based on § 1441a(*l*)(3), general removal provisions are irrelevant). In *Resolution Trust Corp. v. Key,* 733 F.Supp. 1086 (N.D.Tex. 1990), defendant attempted to rely on the 30–day limitation set forth in 28 U.S.C. § 1446(b) in arguing that RTC's removal was untimely. The trial judge rejected defendant's argument, stating that "the general removal provisions of 28 U.S.C. § 1446(b) do not apply when the RTC is appointed conservator or receiver for a failed thrift institution. [citation omitted]. 12 U.S.C. § 1441a(*l*)(3) instead provides the *exclusive removal provision in cases where the RTC is appointed conservator or receiver." Id.* at 1090 (emphasis supplied).

The interpretation suggested by *Key* and *Westgate Partners* is clearly the more reasonable interpretation. Since Congress went to the trouble to draft a rather specific removal statute when it enacted FIRREA, it makes little sense to allow the RTC to rely on other removal statutes. This would make 12 U.S.C. § 1441a(*l*)(3) meaningless.

The removal provision under FIRREA provides in relevant part:

**(3) Removal and remand**

The [RTC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the [RTC] with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit, or proceeding shall be instituted—

---

**1.** Since federal courts are courts of limited jurisdiction, the Court believes the instant removal statute should also be strictly construed against removal. The presumption is that federal courts lack jurisdiction over a case until the parties demonstrate the court's jurisdiction over the subject matter. *Lehigh Mining & Mfg. Co. v. Kelly,* 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444 (1895); *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989). Federal courts can hear only those cases that "(1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." 13 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3522, at 60 (West 1984). State courts, on the other hand, are courts of general jurisdiction and are presumed to have subject matter jurisdiction unless a showing is made to the contrary. *Id.*

(A) not later than 90 days after the date the [RTC] is substituted as a party, or

(B) not later than 30 days after the date suit is filed against the [RTC], if such suit is filed after August 9, 1989. The [RTC] may appeal any order of remand entered by a United States district court.

12 U.S.C. § 1441a($l$)(3).

Under subsection ($l$)(3), the RTC is given the absolute right to remove *any* case from a state court in which it is named or is substituted as a party. 12 U.S.C. § 1441a($l$)(3) (emphasis supplied). Regardless of whether the 30– or 90–period applies to this case, RTC's removal of this matter was timely. However, under subsection ($l$)(3), the RTC may only remove to the District Court of Arizona if plaintiff's cause of action arises out of the actions of the RTC. Any other case must be removed to the District of Columbia.

■ Here, plaintiff's action involves a contractual matter arising solely under Arizona law. It concerns consulting services performed by plaintiff in 1988 and 1989. The FSLIC was appointed conservator on April 14, 1989 and receiver on August 2, 1989. Plaintiff's cause of action does not arise out of the actions of RTC. Therefore, the appropriate jurisdiction for removal is the District of Columbia.

Unfortunately, the FIRREA removal statute requires this Court to participate in "legal gymnastics" and remand this matter to state court. In *Piekarski v. Home Owners Savings Bank*, 743 F.Supp. 38 (D.D.C. 1990), a district court in Minnesota remanded a matter because removal to federal court in Minnesota was improper. The RTC removed to the District Court for the District of Columbia. The RTC then filed a motion to transfer to the District of Minnesota. The distinguished Judge Hogan of the District of Columbia District Court granted the motion, finding that the fact that "the district of Minnesota was not a district to which the case could be *removed* under FIRREA does not preclude [a finding] that a *transfer* to the district of Minnesota is appropriate pursuant to 28 U.S.C. § 1404(a)." *Id.* at 43. In effect, even though the case could not have been removed to the federal court in Minnesota in *Piekarski*, RTC (or plaintiff) still retained the right to transfer the case from the District of Columbia District Court to the District Court for the District Court of Minnesota. The *Piekarski* court acknowledged that this was an exercise in "legal gymnastics" but it could "see no other way to act on the intent of Congress, both with regard to FIRREA and the change of venue statute." *Id.* at 44.

## CONCLUSION

The Court will grant defendants' motion for substitution and plaintiff's motion to remand. The Court has reservations about remanding a matter involving only state law issues that will probably be removed to the District of Columbia, only to be transferred back to this Court after one of the parties files a motion to transfer. Still, the Court sees no other way to interpret Congressional intent with regard to FIRREA's removal provision. As the *Piekarski* court stated:

Congress would be wise to revisit the FIRREA removal provisions to consider whether a federal forum is necessary in every case involving RTC (particularly only those involving issues of state law), and to consider whether parties such as those in this case will be forced to first remove to [the District Court for the District of Columbia], and then present a motion for transfer to a forum more suited to complete the litigation.

*Id.* at 44.

Based on the foregoing, IT IS ORDERED THAT:

(1) Defendant's motion for substitution (Doc. # 2) is granted.

(2) Plaintiff's motion to remand (Doc. # 10) is granted. This matter shall be remanded to the Maricopa County Superior Court.