**RESOLUTION TRUST CORPORATION,**
As Conservator of Red River Federal
Savings and Loan Assn., F.A., Plaintiff,

v.

**Billy J. THOMAS, et al., Defendants.**

**Civ. A. No. 91–1306 (CRR).**

United States District Court,
District of Columbia.

Oct. 2, 1991.

---

Paul Anthony Albert of Albert & Albert, Elk City, Okl., Thomas G. Ferguson, Jr., Kimball, Wilson, Walker & Ferguson, Oklahoma City, Okl., Susan J. Speaker of Resolution Trust Corp., Tulsa, Okl., Nathaniel H. Speights of Speights & Micheel, Washington, D.C., for plaintiff.

D. Jack Armstrong and Billy J. Thomas, Henry A. Meyer, III of Hieronymus, Hodgen & Meyer, Woodward, Okl., Duke Halley and David B. Christian of Duke Halley Law Office, Woodward, Okl., for defendant.

Vickie L. Cook, Woodward, Okl., for defendant Bank of Woodward.

Clint M. Ward and Owen Laughlin, Woodward, Okl., for defendant Mary Jane Hensley, County Treasurer of Woodward County, Okl.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court is the Objection to Removal and Motion to Remand filed by defendants Billy J. Thomas and D. Jack Armstrong, and the plaintiff's opposition thereto. This case was removed by the plaintiff from the District Court of Woodward County, State of Oklahoma to this Court, pursuant to 12 U.S.C. § 1441a(l)(1), on May 28, 1991. The defendants filed their motion in opposition to the removal and to the Court's Order of June 4, 1991, directing that in the absence of objection the case would be transferred to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

Upon consideration of the submissions of the parties and the entire record herein, the Court finds that: (1) removal of the action to federal court was proper; (2) remand to state court is not warranted; and (3) for the convenience of the parties and witnesses, and in the interest of justice, this action shall be transferred to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

## I. *Background*

The initial petition in this action was filed on February 21, 1991 by Red River Federal Savings and Loan Association in the District Court of Woodward County in the State of Oklahoma. On May 21, 1991, the state district court issued an order granting the substitution of the Resolution Trust Corporation ("RTC") as conservator for Red River Federal Savings and Loan Association. On May 28, 1991, RTC filed a notice of removal pursuant to 12 U.S.C. § 1441a(l)(3), removing the action from the Oklahoma state court to this Court.

In its June 4, 1991 Order, this Court stated that in the absence of objection, the case would be transferred to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a). The defendants subsequently filed their Objection to Removal and Motion to Remand.[1] In consideration of the defendants' objection and the plaintiff's motion to hold in abeyance transfer of this matter, the Court ruled on July 17, 1991 that it would hold in abeyance ruling on whether to transfer this matter pending its decision regarding Defendants' Objection to Removal and Motion to Remand.

## II. *Analysis*

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") gives the Resolution Trust Corporation removal powers. It states as follows:

**(1) In general**

Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the [Resolution Trust] Cor-

---

**1.** The defendants filed their motion on June 28, 1991. Plaintiff notes that because defendant Billy J. Thomas never sought nor received an extension within which to file his objection, the claim with respect to him should not be considered because it is untimely. Since the Court shall deny the motion, it does not reach this issue.

poration is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

**(2) Corporation as party**

The Corporation shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated February 7, 1989, among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board and the Federal Deposit Insurance Corporation.

**(3) Removal and remand**

The Corporation may, without bond or security, remove *any such action, suit, or proceeding* from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located. The removal of any action, suit or proceeding shall be instituted-

(A) not later than 90 days after the date the Corporation is substituted as a party, or

(B) not later than 30 days after the date suit is filed against the Corporation, *if such suit is filed after August 9, 1989.*

12 U.S.C. § 1441a(*l*) (emphasis added).

■ The defendants argue that removal in this case was improper because the removal power granted in 12 U.S.C. § 1441a(*l*)(3) is limited to à narrow class of cases which does not include this case, while the plaintiff contends that the statute grants broad removal powers which extend to this case. Specifically, the defendants claim that that where the statute says that the RTC may remove "any such action, suit or proceeding" in the first sentence of subsection (3), it refers only to the actions

described in subsection (2), the cases in which the RTC is substituted as a party for its predecessor in interest ("substitution cases"). The plaintiff contests this interpretation, stating that "any such action, suit or proceeding" in subsection (3) refers to "any civil action, suit, or proceeding to which the [Resolution Trust] Corporation is a party" as described in subsection (1). The plaintiff does not claim that this is a substitution case under subsection (2); therefore, for the removal powers to apply here, subsection (3) must refer back to subsection (1).

This district has faced the issue of the interpretation of these provisions before. In *Kirby v. Mercury Savings and Loan Assn*, for example, Judge Gesell denied a motion to remand, stating that:

> it appears from a fair reading of the statute as a whole that the phrase "any such action," despite the arrangement of paragraphs, refers to those actions described in section 1441a(*l*)(1), i.e. *any* case where the RTC is a party, rather than the subset of such cases described in section 1441a(*l*)(2) ... The unfortunate arrangement of paragraphs is simply one of several indications that FIRREA is a less than precisely worded statute.

755 F.Supp. 445, 447 (D.D.C.1990).

A logical analysis of the statute supports this interpretation. Section 1441a(*l*)(3)(B) expressly contemplates removal by the RTC of cases filed against the RTC after August 9, 1989, which are, by definition, not cases in which RTC's predecessor in interest, the Federal Savings and Loan Insurance Corporation ("FSLIC"), would have been a party as described in subsection (2).[2] After August 9, 1989 (the date FIRREA was enacted), RTC itself would be the party in any suit filed. If the removal provision extended only to those actions described in subsection (2), no deadline would be necessary for the removal of suits filed against the RTC after August 9, 1989, because the RTC would have no au-

---

**2.** The RTC succeeded the FSLIC as conservator or receiver for those institutions for which the FSLIC had been appointed conservator or re-ceiver on or after January 1, 1989. *See* 12 U.S.C.A. § 1441a(b)(6).

thority to remove those actions in any case. Therefore, construing subsection (3) as granting removal powers only to the RTC in cases described in subsection (2) would be unjustified.[3] *See Kirby* at 447; *United Savings Bank v. Rose,* 752 F.Supp. 506, 507 (D.D.C.1990).

There have been cases from outside this jurisdiction construing the statute differently; however this Court finds the decisions in its own district, discussed above, more directly relevant and instructive here.[4] The Court is aware of the Tenth Circuit's recent decision in *Resolution Trust Corporation v. Westgate Partners, Ltd.,* 937 F.2d 526 (10th Cir.1991). That case involved a substitution action described in subsection (2), and is therefore not directly on point. The holding of the opinion was that the case was improperly removed to the district court where the institution's principal place of business was located rather than to the District of Columbia. *Id.* The Court stated in the opinion that the first sentence of subsection (3) refers only to subsection (2), but since a case described in subsection (1) was not before that court (as it is here), this finding was dicta, and shall not be adopted by this Court.

The defendants also claim that the case should be remanded because of the anticipated inconvenience and expense associated with travelling one hundred and forty miles to the United States District Court for the Western District of Oklahoma in Oklahoma City, Oklahoma. However, as stated in *Piekarski v. Home Owners Sav. Bank,* this is not a proper ground for remand under 12 U.S.C. § 1441a(*l*)(3):

> The Court reads FIRREA's removal provision as giving the RTC the absolute right to remove to federal court, subject to the time limitations imposed in the statute. This Court cannot remand a case properly removed to it for discretionary reasons not authorized by the controlling statute. *Thermtron Products v. Hermansdorfer,* 423 U.S. 336, 345 n. 9 [96 S.Ct. 584, 590 n. 9, 46 L.Ed.2d 542] ... (1976). Nothing in FIRREA authorizes remand for the reasons of judicial economy or abstention.

743 F.Supp. 38, 42 (D.D.C.1990).

■ Since removal was proper, remand to the state court in Woodward County, Oklahoma, as requested by defendants, is not permissible. The defendants' arguments of inconvenience are more properly addressed by a transfer of venue under 28 U.S.C. § 1404(a). That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Western District of Oklahoma is clearly a more convenient forum for the parties than the District of Columbia. All of the defendants reside in Oklahoma, and the Court observes that if the defendants find travelling one hundred and forty miles objectionable, they would find travelling from Oklahoma to the District of Columbia far more burdensome. The defendants have not suggested any other federal districts which would be more appropriate than the Western District of Oklahoma. Since the Western District of Oklahoma is agreeable to the plaintiff, *see* plaintiff's Opp. to Mot. for Remand at 16, and seems better suited to the interests of the defendants than the District of Columbia, the Court shall transfer this action there, as originally ordered on June 4, 1991.

---

**3.** Another possible interpretation is that subsection (3)(B) refers to actions described in the second part of the first sentence of subsection (3); that is, to actions which *arise out of the actions of the RTC* with respect to institutions for which a conservator or receiver has been appointed. But subsection (3)(B) discusses the deadline only for suits filed *against* the RTC, which would seem different from those suits arising from the actions of the RTC. Therefore this interpretation makes little sense; surely

Congress would have found a more direct way of achieving that result if it wished to do so.

**4.** *See Resolution Trust Corporation v. Filippone,* 745 F.Supp. 404 (E.D.Tex.1990) (involving a delay in removal of two years from the commencement of the suit and over fourteen months from the date the FSLIC first had the opportunity to remove it); *Philpott v. Resolution Trust Corporation,* 739 F.Supp. 380, 385–6 (N.D.Ill.1990) (dicta).

**498**

### III. *Conclusion*

For all of the reasons stated herein, the Court shall deny the defendants' Motion to Remand and shall transfer this action to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).