**RESOLUTION TRUST CORPORATION, as Receiver for Sunbelt Savings, FSB, Plaintiff,**

v.

**Marco EUGENIO and Mercedes Eugenio, Defendants.**

No. CA3–91–2199–H.

United States District Court, N.D. Texas, Dallas Division.

Dec. 9, 1991.

Harold L. Socks, Haynes & Boone, San Antonio, Tex., for plaintiff.

Augustine Rivera, Jr., Rangel and Chriss, Corpus Christi, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

This action was transferred to this Court from the United States District Court for the District of Columbia by Order, filed September 30, 1991, and received in this District October 16, 1991. Before the Court now is the Eugenios' Motion to Remand, filed September 5, 1991, and pending at the time of transfer. Plaintiff Resolution Trust Corporation ("RTC") failed to file a response to this motion by the September 19, 1991, deadline ordered by the United States District Court for the District of Columbia.

Also before the Court is Counter–Defendant's Response to Motion to Remand, filed November 5, 1991, on behalf of the RTC as receiver for Sunbelt, and the Eugenios' Supplement to Motion to Remand and Reply to Counter–Defendant's Response, filed November 25, 1991.

### Background

Sunbelt Savings, FSB ("Sunbelt") originally filed suit against the Eugenios in the 117th Judicial District Court for Nueces County, Texas, on August 2, 1990. On April 25, 1991, the Office of Thrift Supervision ("OTS") declared Sunbelt insolvent and appointed the RTC receiver. RTC–Receiver assumed all of Sunbelt's liabilities. The RTC now states that, at the same time, the OTS created Sunbelt Federal Savings, FSB ("Sunbelt Federal"), and placed it under the conservatorship of the RTC. The RTC adds that, pursuant to an agreement between Sunbelt Federal and the RTC, Sunbelt Federal, and hence RTC–Conservator, assumed responsibility for this case.

The Eugenios timely filed counterclaims against Sunbelt on or about July 22, 1991.[1] One month later, on August 21, 1991, the RTC, in its capacity as receiver for Sunbelt, simultaneously removed this case to the United States District Court for the District of Columbia and filed its Notice of Substitution as receiver for Sunbelt. The Eugenios moved to remand, claiming that the RTC's removal was not timely.

### Discussion

The Federal Home Loan Bank Act, enacted as part of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") and codified at Title 12 of the United States Code, Sections 1421–46, governs actions of the RTC. Subsection 1441a(*l*), which serves as the exclusive removal remedy for cases involving the RTC, *see Resolution Trust Corp. v. Key,* 733 F.Supp. 1086, 1090, 1090 nn. 6–7 (N.D.Tex.1990); *see also Matrix Ski Corp. v. FDIC,* 734 F.Supp. 763, 765 (N.D.Tex. 1990) (noting the *Key* holding), allows the RTC to remove cases to certain federal district courts.[2] It provides that timely

---

1. Other pleadings were filed subsequent to the Original Petition and prior to the Eugenios' counterclaims; those pleadings, however, are not relevant to disposition of the extant motion.

2. In full, subsection 1441a(*l*) reads as follows:
   (*l*) Power to remove; jurisdiction
   (1) In general
   Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the Corporation [RTC] is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.
   (2) Corporation as party
   The Corporation shall be substituted as a party in any civil action, suit, or proceeding to which its predecessor in interest was a party with respect to institutions which are subject to the management agreement dated February 7, 1989, among the Federal Savings and Loan Insurance Corporation, the Federal Home Loan Bank Board and the Federal Deposit Insurance Corporation.
   (3) Removal and remand
   The Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located.

removal "of any action, suit, or proceeding shall be instituted—(A) not later than 90 days after the date the Corporation is substituted as a party, or (B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after August 9, 1989." 12 U.S.C. § 1441a(*l*)(3).

The Eugenios contend that the Paragraph (A) ninety day period applies here and commences when the RTC is appointed receiver or conservator for a failed institution that is party to a suit already filed, and not when the RTC formally substitutes itself as a party to that suit. Therefore, say the Eugenios, the RTC's removal in this case, being 128 days after its appointment as receiver, was untimely. The RTC urges that, because Sunbelt Federal, with the RTC as conservator, was responsible for this suit, the RTC, in its capacity as receiver for Sunbelt, was not involved until the Eugenios filed their July 22, 1991, counterclaims against Sunbelt. As a result, reasons the RTC, the Paragraph (B) thirty day period applies and did not commence until July 22, 1991.

■■■ The RTC's argument must fail. The Paragraph (A) ninety day period applies in this case because the RTC, either as receiver or conservator, was substituted as a party to an existing suit involving Sunbelt.[3] The Paragraph (B) period, on the other hand, applies to suits filed against the RTC, itself; it does not apply to counterclaims filed in cases in which the RTC already functions as the plaintiff. Put another way, the Paragraph (B) period does not apply to suits filed by or against the failed institution, per se.

■■■ Still, the RTC's removal in this case would be timely pursuant to Paragraph (A) if the ninety day removal period did not commence until the counterclaims were filed on July 22, 1991, or until the RTC–Receiver moved to substitute itself for Sunbelt on August 21, 1991. In determining whether the RTC's removal was timely, the Court considers the RTC's distinction between RTC–Receiver and RTC–Conservator.

The distinction, as applied to this case, is troublesome, and ultimately, moot. The

The removal of any action, suit, or proceeding shall be instituted—
(A) not later than 90 days after the date the Corporation is substituted as a party, or
(B) not later than 30 days after the date suit is filed against the Corporation, if such suit is filed after August 9, 1989.
The Corporation may appeal any order of remand entered by a United States district court.
The Court also notes that the selection of the appropriate United States District Court for removal has been the subject of much recent discussion. *See, e.g., RTC v. Westgate Partners, Ltd.,* 937 F.2d 526, 527–31 (10th Cir.1991) (reconciling subsection 1441a(*l*)(3) with 28 U.S.C. § 1391); *Hellon & Assocs., Inc. v. Phoenix Resort Corp.,* 755 F.Supp. 280, 283–84 (D.Ariz.1990) (describing the removal and remand actions required by subsection 1441a(*l*)(3) as "legal gymnastics").

3. By this ruling, the Court joins the recent and growing line of cases holding that the removal provisions of subsection 1441a(*l*)(3) apply to cases in which the United States district courts have jurisdiction pursuant to subsection 1441a(*l*)(1), and not only to cases in which the courts' jurisdiction arises pursuant to the ensuing subsection 1441a(*l*)(2). *See, e.g., Resolution Trust Corp. v. Sloan,* 775 F.Supp. 326, 328–32 (E.D.Ark.1991) (providing the most comprehen-

sive discussion on the issue); *Kirby v. Mercury Sav. and Loan Assoc.,* 755 F.Supp. 445, 447 (D.D.C.1990) (concluding that the arrangement of the subsections is irrelevant and that the entire removal provision makes more sense when read to allow 1441a(*l*)(3) to apply to both 1441a(*l*)(1) and (2)); *United Sav. Bank v. Rose,* 752 F.Supp. 506, 507 (D.D.C.1990) (concluding the same). *But see RTC v. Westgate Partners, Ltd.,* 937 F.2d 526, 528 (10th Cir.1991) (concluding that the language of 1441a(*l*)(3) implies that it refers only to cases in which the RTC is a party pursuant to 1441a(*l*)(2)); *Resolution Trust Corp. v. Filippone,* 745 F.Supp. 404, 406 n. 2 (E.D.Tex.1990) (employing the same reasoning); *Philpott v. Resolution Trust Corp.,* 739 F.Supp. 380, 386 (N.D.Ill.1990) (employing, again, the same reasoning). In so ruling, the Court follows the precedent it set for such a ruling when it applied subsection 1441a(*l*)(3) to the RTC in *Matrix Ski Corp. v. FDIC,* 734 F.Supp. 763, 765 (N.D.Tex.1990); *see also Sweeney v. Resolution Trust Corp.,* 765 F.Supp. 33, 34–35 (D.Mass. 1991) (applying 1441a(*l*)(3) after invoking jurisdiction pursuant to 1441a(*l*)(1)); *Resolution Trust Corp. v. Key,* 733 F.Supp. 1086, 1090, 1087–90 (N.D.Tex.1990) (doing the same). The Court adds only that this ruling is compelled when the legislative history behind subsection 1441a(1) is considered. *See* H.R.Rep. 101–54(I), *infra* p. 690 note 7, at 362, 1989 U.S.C.C.A.N. 86 at 158.

RTC claims that Sunbelt Federal/RTC–Conservator assumed responsibility for this suit, yet it admits that it was appointed receiver for Sunbelt on April 25, 1991. *See* Notice of Substitution of the RTC, as Receiver for Sunbelt Savings, FSB and as Conservator for Sunbelt Federal Savings, FSB, filed August 21, 1991, and received October 16, 1991, at 1; RTC's Notice of Removal at 2. It also states that this appointment awarded it "all the powers of a conservator or receiver, as appropriate, granted under the Federal Deposit Insurance Act, and, (when not inconsistent therewith) any other rights, powers and privileges possessed by conservators or receivers, as appropriate, of savings associations under this Act and any other provisions of law." RTC's Notice of Removal, filed August 21, 1991, and received October 16, 1991, at 2 (quoting the award of the OTS). In addition, the RTC assumes these powers as receiver on its appointment by statute. *See* 12 U.S.C. § 1821(d)(2)(A); *infra* p. 690. By this account, RTC–Receiver assumed its comprehensive responsibilities for Sunbelt, including responsibility for this suit, on April 25, 1991.

Even accepting the RTC's representation that this suit immediately became the responsibility of Sunbelt Federal and hence, the RTC as conservator,[4] the RTC as conservator was likewise subject to the Paragraph (A) ninety day period. The RTC's implied reasoning that the agreement between Sunbelt/RTC–Receiver and Sunbelt Federal/RTC–Conservator alleviated RTC–Conservator's duty to comply with the Paragraph (A) ninety day removal period would allow the RTC to avoid all removal time limits simply by forming internal agreements that shift responsibilities for suits between RTC–Receiver and RTC–Conservator.

The Paragraph (A) period applies to the RTC both as receiver and as conservator.

*See* 12 U.S.C. § 1441a(*l*)(3), *supra*, note 2. Paragraph (A) also plainly provides that the ninety day period commences when the RTC, either as receiver or conservator, is "substituted as a party" for the failed institution.[5] The final issue before the Court, therefore, is when, for purposes of Paragraph (A), is the RTC, as receiver or conservator, substituted as a party.

To begin, substitution does not occur only on motion of the RTC. If it did, the RTC could manipulate the timing of the removal period to its liking, which runs counter to the intent of subsection 1441a(*l*)(3). That provision was not intended to "give the RTC the power to determine when the removal period begins to run." *Hellon & Assocs., Inc. v. Phoenix Resort Corp.*, 755 F.Supp. 280, 283 (D.Ariz. 1990); *see Eugenio v. Sunbelt Savings, FSB*, CA3–91–1827–H, Memorandum Opinion and Order, filed October 16, 1991, at 4. As the court in *Hellon & Assocs.* explained when addressing the running of the ninety day time period in a case in which the RTC was appointed before suit was filed against the failed institution,

> (i)f removal were simply to depend on the filing of a motion to substitute by RTC, it is clear that RTC could simply proceed in state court without moving to be substituted as a party, thus delaying indefinitely the running of the applicable removal clock. Then, if things took an undesirable turn in the state court proceeding, RTC could file its motion to substitute and remove the case within the period specified by the removal provision.

755 F.Supp. at 283. In this case, because the RTC waited 128 days from the date of its appointment as receiver for Sunbelt and conservator for Sunbelt Federal to move to substitute itself as a party to the suit, such an interpretation would allow the RTC up

---

**4.** Also, given this reasoning, the RTC's failure to timely respond to the Motion to Remand when it was filed in the District of Columbia, and the nature of the RTC's representations about its roles as receiver and conservator when it did respond in this Court, it is difficult not to conclude that the RTC is playing some sort of shell game with the Eugenios, hoping, in the melee

surrounding the RTC's dual capacities, that this suit somehow will remain in federal court.

**5.** In some cases, the RTC is substituted as a party for its predecessor in interest, the Federal Savings and Loan Corporation. *See* 12 U.S.C. § 1441a(*l*)(2); *infra* p. 690–691.

to 218 days from the date of its appointment to file a Notice of Removal.[6]

Additionally, the RTC's right to remove a case without a formal motion of substitution has been upheld. *See, e.g., United Sav. Bank v. Rose,* 752 F.Supp. 506, 508 (D.D.C.1990) (Gesell, J.) (concluding that RTC's failure to formally substitute itself for its predecessor in interest, the Federal Savings and Loan Association, is not cause to remand the case); *Kirby v. Mercury Sav. & Loan Ass'n,* 755 F.Supp. 445, 447 n. 2 (D.D.C.1990) (Gesell, J.) (concluding the same on the same day in, what is in large measure, a verbatim duplication of *Rose*). In that sense, the RTC's formal substitution of itself as a party is indeed a formality.

In a related case involving the same parties, this Court concluded that the RTC, when appointed as receiver prior to the filing of a suit involving the failed institution, is substituted as a party for the failed institution de facto at the time that the suit is filed. The Court reasoned that this conclusion was consistent with the RTC's assumption of all of the failed institution's rights, titles, powers, and privileges, as a matter of law. *See Eugenio v. Sunbelt Savings, FSB,* CA3–91–1827–H, Memorandum Opinion and Order, filed October 16, 1991, at 3–4; *see also Hellon & Assocs.,* 755 F.Supp. at 282–83 (applying similar reasoning).

This case presents the next step in the analysis. It asks whether the fact that the RTC is appointed after suit is filed, rather than before, affects the commencement of the ninety day period.

■ The Court concludes that it does not. For the purposes of removal under subsection 1441a(*l*)(3)(A), the RTC's appointment as conservator or receiver, rather than a formal substitution motion, substitutes the RTC as a party for the failed institution it represents in any suit involving that institution. The RTC's appointment, therefore, triggers the ninety day period in any such suits filed prior to the appointment, just as the date of filing triggers the ninety day period in suits filed after the RTC is appointed. It is at the time of appointment that, for all practical purposes, the RTC assumes the powers and responsibilities of the failed institution in the lawsuit.

This position is consistent with the legislative history behind subsection 1441a(*l*).[7] Like the aforementioned holding in *Eugenio v. Sunbelt Savings, FSB,* it also reflects the manner in which the RTC assumes its powers under FIRREA in all other respects. *See* CA3–91–1827–H, Memorandum Opinion and Order, filed October 16, 1991, at 3–4. Indeed, FIRREA provides that the RTC's powers as receiver or conservator go into effect on its appointment by operation of law:

> (the RTC) shall, as conservator or receiver, and by operation of law, succeed to—
>
> (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution and the assets of the institution; and
>
> (ii) title to the books, records, and assets of any previous conservator or other legal custodian of such institution.

12 U.S.C. § 1821(d)(2)(A).

The Eugenios would support the Court's holding with subsection 1441a(*l*)(2), relying heavily on the interpretation of that subsection set forth in *Towns Real Estate Appraisal Servs., Inc. v. RTC,* 753 F.Supp. 914 (N.D.Ala.1991). In *Towns,* as in this case, the RTC had been appointed receiver

---

**6.** From the date of its appointment, April 25, 1991, the RTC waited 118 days, until August 21, 1991, to file its Notice of Substitution. Commencing the Paragraph (A) ninety day period from that date affords the RTC until November 19, 1991, or 218 days, to remove the case.

**7.** That history simply rephrases subsection 1441a(*l*) as follows:

[Subsection 1441a(*l*)] provides that suits by or against the RTC shall arise under the laws of the United States and can be removed to the District Court of the District of Columbia or if the suit arises out of actions by the RTC with respect to an institution for which a conservator or receiver has been appointed in the District Court in which the institution's principal place of business is located.

H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. at 362 (1989), *reprinted in* 1989 U.S.C.C.A.N. 86, 158.

for the failed City Federal Savings & Loan Association ("City Federal") after City Federal had been sued. 753 F.Supp. at 914–15. The United States District Court for the Northern District of Alabama held that the Paragraph (A) ninety day period commenced at the time of the RTC's appointment.

The court concluded that City Federal was the RTC's predecessor in interest, *see* 753 F.Supp. at 914 n. 1., and reasoned that subsection 1441a($l$)(2)'s provision that, "(t)he Corporation [RTC] shall be substituted as a party in any civil action ..." required that the RTC be substituted for City Federal automatically on its appointment. The Court added that any motion for formal substitution of the RTC was irrelevant. *Id.* at 916. Other courts also have held that the failed institution constitutes the RTC's predecessor in interest under subsection 1441a($l$)(2). *See, e.g., B.C. Investment Co. v. Fleischer,* No. CIV.A.90–2101–V, 1991 WL 179311 at *1 (D.Kan. Aug. 21, 1991) (concluding that the failed savings and loan was the RTC's predecessor in interest in case in which RTC was appointed on February 15, 1990, over eleven months after suit was filed).

The Court declines to follow the *Towns* reasoning and the underlying interpretation of subsection 1441a($l$)(2). Subsection 1441a($l$)(2) applies only to cases filed between January 1, 1989, and August 9, 1989, cases to which the Federal Savings and Loan Insurance Corporation ("FSLIC"), as the RTC's predecessor in interest, was party. *See* 12 U.S.C. § 1441a(b)(6)[8]; *Garrett v. Commonwealth Mortgage Corp. of Am.,* 938 F.2d 591, 593–94 (5th Cir.1991). Likewise, the subsection's "predecessor in interest" language refers only to the FSLIC. *See id.; see also Resolution Trust Corp. v. Sloan,* 775 F.Supp. 326, 329 (E.D.Ark.1991) (referring to the FSLIC as the RTC's predecessor in interest; *Resolution Trust Corp. v. Thomas,* 773 F.Supp. 494, 496 (D.D.C.1991) (using language that indicates

that the FSLIC is the RTC's predecessor in interest); *United Sav. Bank v. Rose,* 752 F.Supp. at 507 (using similar language). It cannot, by definition, apply to a failed savings and loan.

This case was filed August 2, 1990, and never involved the FSLIC. Accordingly, subsection 1441a($l$)(2) does not apply.

Finally, the Eugenios' July 22, 1991, counterclaims do not rewind the clock on the removal period and give the RTC a second bite at the apple. RTC–Receiver and RTC–Conservator both passed on the opportunity to remove this case before the Eugenios filed their counterclaims.

The Paragraph (A) ninety day removal period began on April 25, 1991, and expired on July 24, 1991. Hence, the RTC's August 21, 1991, Notice of Removal was untimely.

The Eugenios' Motion to Remand is GRANTED.

### Conclusion

This case is REMANDED to the 117th Judicial District Court of Nueces County, Texas.

SO ORDERED.

---

**8.** 12 U.S.C. § 1441a(b)(6), reading as follows, explains that the RTC succeeded the FSLIC in certain suits:

As of August 9, 1989, the Corporation [RTC] shall succeed the Federal Savings and Loan Insurance Corporation as conservator or receiver with respect to any institution for which the Federal Savings and Loan Insurance Corporation was appointed conservator or receiver during the period beginning on January 1, 1989, and ending on August 9, 1989.